## Boyd et al. v. Louisville & Jefferson County Planning & Zoning Commission et al.

## Raidt-Barnett, Inc. v. Kesselring et al.

December 16, 1949.

Rehearing denied June 23, 1950.

B. H. Farnsley, Judge.

J. W. Jones and Jones & Jones for appellants.

Sam Steinfeld for appellees.

STANLEY, COMMISSIONER—Reversing.

The Louisville and Jefferson County Planning and Zoning Commission on February 7, 1947, made a number of adjustments in the original master of plan of zoning areas of the unincorporated St. Matthews region. KRS 100.052. The order was made over the vigorous protest of many property owners. There had been a previous comprehensive adjustment and reclassification in 1945 affecting some, if not all, of this territory. The original zoning seems to have been made in 1943. Two appeals were taken to the circuit court from so much of the order as changed the classification of a part of what is called the "Triangle," which is in the business section of St. Matthews, and an area containing about 170 acres a mile or so to the northeast. The former was changed from "E-1, Light Industrial" to "D-2, Commercial" and the latter from "A—Residence" to "E-1, Light Industrial" zones. The action was taken under KRS 100.066, 100.052 and 100.056.

The respective statements of appeal set forth several reasons why the action should not have been taken and should not be confirmed by the court. They prayed that "an order be issued and served upon the Commission to show cause why the property described" should not remain zoned as it was and that such order be revoked and the previous zoning classification continued. KRS 100.057. The cases were tried together leisurely, much evidence being heard, and judgments were render-

ed eighteen months after their filing. The judgments confirmed the adjustment and changes adopted by the Commission and dismissed the appeals.

Several grounds are urged in this court for a reversal of the judgments. One is that the circuit court erroneously ruled that the burden of proof was upon the appellants. We address ourselves to that point only.

The provision for resort to the court by parties "claiming to be injuriously affected or aggrieved by any action or decision by the commission" is by filing "a statement of appeal" setting forth the action or decision of the Commission, the date thereof and the reasons for the appeal, a certified copy of the action or decision being attached as part of the statement. It is required only that the statement ask or pray "that an order to show cause be issued against and served upon the commission." The court is given jurisdiction "to hear and determine all questions and issues properly brought before it on such appeal." The appeal "shall stay all action by all parties of record in the matter appealed from." KRS 100.057(1). The statute further provides that the "procedure shall be the same as in common law actions." Further, "Hearings in the circuit court shall be de novo and heard by the judge." Appeals to this court follow the course of other common law cases. KRS 100.057(2).

The question of burden of proof is important. Its importance is signified by the opinion of the trial court in this case "that the changes effected by the resolution are not violative of or harmful to the public health or safety or morals or the general welfare of the whole territory." It was, therefore, held the protesting property owners had failed to prove the changes were harmful to the public health, safety, morals or general welfare. Its importance is likewise manifested with respect to presumptions to be regarded by both the trial and the appellate court. Thus, we are impressed with the absence from the record of any authority of the Commission to take the challenged action. It is provided by the statute that adjustments in the original or master plan "shall become effective only by and through the approval of such proposed adjustments by the legislative body of such city or the fiscal court of

such county, or both, as the case may be, or by the commission if and when authorized to do so by general ordinance and order of said legislative body and said fiscal court, and by recording same in the office of the clerk of the county court of such county." KRS 100.052. No action by the fiscal court in respect of this extensive adjustment, either specially or generally, was proven. Unless the Commission's order or resolution was adopted as provided by this enabling statute, it is invalid.

It is to be noted that a proceeding for judicial review of orders or regulations of zoning commissions in cities of the second class is upon the record made before the board, and the statute restricts the scope of the review and determination. KRS 100.480. Also, the procedure for appeals from decisions of such similar commissions in cities of the other classes is different. KRS 100.590. And in the former zoning statute pertaining to cities of the first class, an appeal to the court was by obtaining a writ of certiorari and the case was considered on the record made before a Board of Adjustment and Appeals, supplemented by evidence if the court directed it. The matter of burden of proof was not mentioned. Acts of 1930, Chapter 86, Sec. 3037h-122, Ky. Stats. Likewise, different from the present mode are appeals from findings of administrative commissions and boards, such as the Workman's Compensation Board (KRS 342.285) and the Division of Motor Transportation. KRS 281.420. And a review of action of the Public Service Commission is obtained by bringing a suit in equity, the statute expressly placing the burden of proof upon the parties seeking to set aside the order or decision of the Commission "to show by clear and satisfactory evidence" that its action was unreasonable or unlawful. KRS 278.410, 278.430. But, as we have related, by the terms of this statute enabling the zoning and planning of property in cities of the first class and counties containing such cities an order is issued against and served upon the Commission "to show cause." The case is then heard de novo. KRS 100.058. Regard must be had for the difference between this and other modes prescribed, particularly in the present and the former enabling acts for zoning in a city of the first class. The procedure defined is strikingly like that of an appeal from a quarterly court judgment, which is "tried anew

as if no judgment had been rendered'' in the same manner as if the case had been instituted in the circuit court. Sections 724, 726, Civil Code of Practice; Howard v. Howard, 300 Ky. 60, 187 S. W. 2d 276. There is this distinction, however. The present statute requires, as stated, that the court issue a ''show cause'' order. The statute does not say what the Commission is called upon to show, but the term has a well understood legal meaning. It is an order requiring a party to appear and show cause why a certain thing should not be done or permitted. It requires the party to meet the prima facie case made by the applicant's verified complaint or affidavit, 60 C. J. S., Motions and Orders, Sec. No. 20, 37 (e); 37 Am. Jur., Motions, Rules and Orders, Sec. 38.

If the unusual provision with respect to appeals in this particular statute is not to be recognized as a departure from the conventional mode and rule of practice, of what value is it? It cannot be excised from the statute and some other procedure substituted. If the provision be not given the construction stated, namely, as putting the burden upon the Commission, it is meaningless. There was some reason for requiring the Commission ''to show cause.'' If it was only to show why the proof introduced by the protestants should not be accepted, then it means nothing at all, for that followed as a matter of course. Here the applicant's complaint or statement of appeal sets forth reasons why the action or order of the Commission is erroneous or unlawful. The Commission is called upon to show it is otherwise by producing evidence before the court. The statute gives the court jurisdiction ''to hear and determine all questions and issues properly brought before it.''

There are cogent reasons for this determination by the judicial branch of the government. Our constitution declares inalienable ''the right of acquiring and protecting property,'' and it denies the existence of absolute and arbitrary power over the ''lives, liberty and property of free men.'' Sections 1 and 2. In the courts lies the power of determining whether these rights have been invaded.

It was at first thought planning and zoning laws were sanctioned by the power of eminent domain, but as the action, with rare exceptions, was not the taking of property, it came to be regarded as a proper extension

of the application of the police power. Fowler v. Obier, 224 Ky. 742, 7 S. W. 2d 219; Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S. W. 2d 207. However, it is recognized that the power to condemn and the power to zone property have much in common—the one being a complete taking of property and the other a restriction on its use. Bassett on Zoning, page 26. Metzenbaum, The Law of Zoning, page 41, et seq., 58 Am. Jur., Zoning, Secs. 2, 19. It is, of course, recognized that the seemingly absolute right to protection of a citizen's property and the fundamental denial of arbitrary power are qualified by the police power of the government. But always it is a delicate matter of reconciliation or coordination and that is essentially a judicial function. A citizen ought not to carry the burden of protecting himself.

The classification of a given area, though it be calculated to advance the public welfare of the community in the future, may adversely affect the legitimate enjoyment and the value not only of the particular property but all property in the community. Thus, a great mass of evidence was submitted to the court in the present case that many people had purchased property and built homes in the immediate community in the confidence of the existing and apparently permanent zoning of the area as residential, including the undeveloped 170 acre tract particularly involved. They did this upon the assurance that the character of the neighborhood had been fixed. The rezoning and restricting of this tract to use for industry, it is shown, has diminished or will diminish the values of their homes. We should not be understood as failing to understand that it is the Commission's apparently delegated legislative power to adjust or change the character of a neighborhood. But by the special provisions of the statute pertaining to judicial review, we believe it was not the intent of the general assembly to place this power in the city or county legislative bodies, or through them in the Commission, to be exercised according to their view of public welfare, and then to require citizens adversely affected to prove the negative, as was done in the present case. We think the burden belongs on the public body "to show cause," that is, to show in the court that the public welfare or the common good requires the subordination of private rights. This does not mean that the court may usurp this legislative power of zoning or substitute its

judgment or discretion for that of the zoning commission or legislative body. It means only that the burden is upon the Commission to show that it has consitutionally and fairly exercised the police power granted it according to statutory authority. 58 Am. Jur., Zoning, Sec. 231. It is not novel, though it is exceptional, for the legislature to direct the burden of proof. But it certainly has the power to do so as a conditional part of its enactment.

It is laid down in 58 Am. Jur., Zoning, Sec. 255, that upon a review of the determination of a zoning board upon an application for a variation or exception, the court is ordinarily held not to be authorized to try the case de novo but upon the record made before the board. It is further stated to be the general rule that the burden is upon one complaining of a decision of a zoning board in respect to variations in the regulations though there is authority to the effect that the usual presumptions of validity of the acts of public boards and officials does not apply to acts involving the forfeiture of an individual's right or depriving him of the free use of his property. 58 Am. Jur., Zoning, Sec. 256. It does not appear in the extensive annotations forming the basis of the text, 168 A. L. R. 113 et seq., that there was any statute having terms or conditions such as ours with respect to the burden of proof.

The appellees rely upon Schloemer v. City of Louisville, 298 Ky. 286, 182 S. W. 2d 782, where it is said that the presumption in favor of a zoning ordinance would be recognized and the burden was on a complainant to show its unreasonableness. The case is distinguishable by the fact that it involved an ordinance passed under a different enabling statute. Chapter 86, Acts of 1930; Sec. 3037h-122 Ky. Stats. The procedure under the act, to which we have adverted, was on the original record, supplemented by additional evidence if the court ordered it. The burden of proof was not mentioned in that statute. It was superseded by the present statute, which was enacted in 1942.

Since the trial court adjudged this case upon the view that the protestants had not proved that the action of the Commission was ''violative of or harmful'' to the public welfare, it seems to us the judgment should be reversed and the case remanded to the circuit court for retrial in the light of this opinion, namely, that the Com-

mission should prove its authority and justify its action as being reasonable and within the purpose of the zoning statute.

The judgments are reversed.

Judge Cammack dissents.