Robert E. BLAKEY, Appellant,

v.

LOUISVILLE AND JEFFERSON COUNTY PLANNING AND ZONING COMMISSION. et al., Appellees.

Court of Appeals of Kentucky.

Nov. 17, 1961.

Henry J. Burt, Jr., Louisville, for appellant.

James L. Taylor, Louisville, for appellees.

CLAY, Commissioner.

Appellant, the owner of real estate, sought by application to the Louisville and Jefferson County Planning and Zoning Commission to have the zoning classification of his property changed. The Commission rejected the application on the ground there had been no substantial changes since the merits of the proposed adjustment had been decided on a prior application. No public hearing was had. Appellant appealed to the circuit court and it dismissed the appeal on motion for summary judgment. He here contends the circuit court should have tried the merits of the application de novo, or at least should have granted him some relief.

In 1949, upon an application by a prior owner of the property and after a public hearing, the Commission declined to approve a change in the zoning classification. This decision was appealed, tried on the merits in the Jefferson Circuit Court, and a judgment was entered in 1950 affirming the decision of the Commission. About a year later appellant filed a new application seeking the same zoning change. This was heard by the Commission, the change disapproved, and an appeal was dismissed in 1958. Prior to this last judgment on appeal appellant had commenced other proceedings which ended in further rejections and appeal dismissals.

The principal contention of appellant is that for years he has been attempting to have a new hearing either before the Commission or the circuit court to determine whether or not changes in the development of this and surrounding property justifies a zoning adjustment. The real issue in the controversy, however, is whether the circuit court on appeal may review the action of the Commission in rejecting, without a public hearing, a new application.

The problem presented is procedural. KRS 100.053 provides that before *any* proposed adjustment is *approved* or *disapproved* the proposal "shall be the subject of a public hearing before the commission". KRS 100.057(1) authorizes an appeal to the circuit court by a party of record "at such hearing". Section (2) of this same statute provides that on an appeal to the circuit court there shall be a *de novo* hearing. The procedural scheme prescribed by the statute is unique and restrictive. It has

given us trouble before. See Boyd et al. v. Louisville and Jefferson County Planning and Zoning Commission, et al., 313 Ky. 196, 230 S.W.2d 444, and Louisville and Jefferson County Planning and Zoning Commission, et al. v. Grady, Jr., et al., Ky., 273 S.W.2d 563. As a matter of fact, in another jurisdiction, this *de novo* procedure has been declared unconstitutional. Ball v. Jones, Ala.1961, 132 So.2d 120.

■ It is apparent the right of appeal fixed by this statute is for the purpose of having a retrial of the merits of an application after a public hearing before the Commission. No provision is made for review of proceedings of a different character. It is certainly clear the circuit court may not conduct a new trial if there has been no public hearing before the Commission, and appellant was not entitled to that form of relief on his appeal.

■ The only remaining question is whether the circuit court should have remanded the case and directed the Commission to hold a public hearing on the latest application. Many serious questions arise concerning when and under what circumstances an applicant for a zoning adjustment is entitled to have a new hearing with respect to a proposed change which has theretofore been disapproved. We do not think those issues properly may be presented by an appeal to the circuit court under the statute. If the Commission acted arbitrarily or contrary to law in rejecting appellant's application without a public hearing, appellant's recourse must be to an independent action for a determination of this question. As we have observed, the appeal procedure prescribed in KRS 100.057 is limited to a retrial of the merits of an application, and does not extend to a review of the Commission's alleged improper exercise of authority.

In our opinion the circuit court properly dismissed the appeal.

The judgment is affirmed.