Minna W. JENKINS et al., Appellants,

v.

LOUISVILLE & JEFFERSON COUNTY PLANNING AND ZONING COMMISSION et al., Appellees.

Court of Appeals of Kentucky.

May 25, 1962.

Henry J. Burt, Jr., Louisville, for appellants.

James L. Taylor, Louisville, for appellees.

MONTGOMERY, Judge.

Minna W. and Edward G. Jenkins, Sr., sought to have changed from residential to commercial the zoning classification of the northeast corner of their tract of land located at Wood Avenue and LaGrange Road in Lyndon. They have a lease agreement for the construction and operation of a service station contingent on the reclassification of the property. The Louisville & Jefferson County Planning and Zoning Commission denied the request for a change. The circuit court upheld the denial and the Jenkinses appeal.

Appellants contend, in substance, that: (1) The trial court erroneously placed the burden of proof on the property owners and disregarded the trial de novo requirement; and (2) there was a failure by appellees to show that there would be a substantial adverse effect upon the health, safety, morals, or general welfare of the community attributable to the requested change.

■ By a pretrial order, the appellants were required to produce their evidence first in order to expedite the trial and to enable the trial judge to obtain a clear view of the whole of the evidence. At the beginning of the trial, appellants sought to change the order of proof so that the commission would be required to introduce its proof first. In the order overruling such motion, the trial judge indicated his familiarity with Boyd v. Louisville & Jefferson County Planning & Zoning Commission, 313 Ky. 196, 230 S.W.2d 444, and Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563. The pertinent rule obtained from those cases is that the hearing de novo in the circuit court means trying the dispute anew as if no decision had been previously rendered, with the commission having the burden of proof. The hearing is by the judge without the intervention of a jury. KRS 100.057(2).

■ There is nothing in this record to indicate that the trial judge did not understand the principles of the Boyd and Grady cases. The order complained of regulated the order of the proof as distinguished from the burden of proof. CR 43.02(3) permits the court in a jury trial to regulate

the order of proof in order "to expedite the trial and to enable the court and jury to obtain a clear view of the whole evidence." More certainly, it could be done in a trial without a jury. This is in the discretion of the trial judge. Clay, CR 43.02, Comment 2(c). While appellants insist that the court's ruling constitutes reversible error, nowhere do they point out in what way they were prejudiced. In the absence of such showing, there is no reversible error. Simmons v. Willis, 9 Ky.Law Rep. 406; Straney v. Smith, Ky., 255 S.W.2d 653.

On the hearing the trial judge heard testimony from witnesses produced by both parties and, as stated in his memorandum of findings and conclusions, visited the premises. It is clearly apparent that he made his own determination of the matter, independently of the decision by the commission. There is no merit to the argument that the requirements of de novo trial were violated.

The rule is stated in Hamilton Company v. Louisville & Jefferson County Planning and Zoning Commission, Ky., 287 S.W.2d 434, relied on by appellants, to be:

"As an extension of the exercise of the police power, the interference or regulation by public authority of the use of a citizen's property must be for the superior interest and rights of the public, and the power must be exercised in a reasonable and fair manner for the promotion of the common good of a community as a whole, more particularly, it must bear a substantial relation to the public health, safety, morals or welfare."

The understanding of the problem by the trial judge is illustrated by the following from the memorandum filed herein, to-wit:

"I am to determine whether the common good requires the subordination of the plaintiff's ordinary rights to develop her property as she sees fit, which is to say that, from a consideration of all the evidence, whether or not the Commission constitutionally and fairly exercised the police power granted it according to statutory authority. (Citing the Boyd, Grady, and Hamilton cases)"

In a memorandum of findings and conclusions, the trial judge referred to his long familiarity with the neighborhood. He made "two specific reconnaissance trips" to the area after having heard the evidence. The testimony of eighteen witnesses filled four volumes. It is unnecessary to detail it.

In substance, the evidence for the appellants was that they had made their home for more than forty years in the dwelling on the four-acre tract involved. Now that their family has been reared, appellants desire to lease a corner of their front yard for a filling station site. It is urged that the income would give them old age security.

Their evidence tends to show that the property is suitable for commercial zoning, is well adapted and desirable for the use sought, and would have a higher value as commercial property. Further, there is a showing that additional commercial property is needed and that part of the area is already zoned commercial. This testimony was given by appellants, local businessmen, and neighbors.

For the appellees there was testimony from other neighbors, real estate men, and members of technical advisers of the commission. The substance of their testimony is that Wood Avenue is the best natural barrier between the established commercial district to the east of Wood Avenue and the very nice residential district to the west; that residential zoning does not unreasonably restrict the use of the property; that such zoning and the denial of the commercial zoning request are in conformity to a plan for the Lyndon area; and that if commercial zoning is extended across Wood Avenue it will result by process of

chain reaction in other commercial changes to the substantial detriment of the residential area west of Wood Avenue.

 The findings of fact made by the trial judge were in substantial accord with the testimony introduced by appellees. From those findings it was concluded that the denial of the zoning change was valid. In reviewing those findings, this Court is bound by them if there is substantial evidence of probative value to support them. Louisville & Jefferson County Planning & Zoning Commission v. Cope, Ky., 318 S.W. 2d 842. The testimony introduced by appellees sustains the trial court's findings of fact. CR 52.01. The conclusion drawn from those findings was a proper one.

Judgment affirmed.