**AMERICAN BEAUTY HOMES CORPORA-TION, Appellant,**

v.

**LOUISVILLE AND JEFFERSON COUNTY PLANNING AND ZONING COMMIS-SION et al., Appellees.**

Court of Appeals of Kentucky.

March 13, 1964.

As Modified on Denial of Rehearing June 26, 1964.

Robert L. Sloss, David A. Jones, Louisville, for appellant.

Homer Parrent, Jr., James L. Taylor, Mark Davis, Jr., Louisville, for appellees.

CLAY, Commissioner.

This is a zoning case which raises a very important question of administrative appeal procedure. Appellant, the owner of a tract of land in Jefferson County, sought to have the zoning classification changed from a one family residential district to a "D–1" commercial district. The Zoning Commission denied the request. The circuit court, on a trial "de novo" under KRS 100.057(2), upheld the ruling of the Commission.

The property involved is a 2½ acre tract of land located on the north side of Blue Lick Road in Jefferson County, approximately 780 feet west of Preston Highway. There are but a few residences already built in the immediate vicinity but it is in the middle of an area originally zoned residential. Across the road are a volunteer fire station and recreational playground. A substantial area at the intersection of Blue Lick Road and Preston Highway to the east is presently zoned commercial. About one-half mile in a southwesterly direction from the property is another commercial zone.

Appellant proposes to use its property for a community shopping center. Neighboring property owners raised no objection to the zoning reclassification. The trial court found it would be a community advantage; that the property generally in this immediate area would not be adversely affected; and that it would not result in substantial detriment to others. However, the court decided these considerations were outweighed by others.

In support of the Commission's ruling there was evidence appellant's tract was

more suitable for residential use than commercial development; that the particular location did not fit with the planned development of community shopping centers in Jefferson County; that there was an ample sufficiency of additional property in the general area zoned commercial; that there were no peculiar characteristics of this tract that would prevent its development for residential purposes; and that this was a clear case of "spot zoning". There was no evidence of a substantial change in the character of the neighborhood which would justify special treatment of this particular tract.

The Chancellor, relying principally upon Hodge v. Luckett, Ky., 357 S.W.2d 303, upheld the integrity of the original zoning plan in adjudging that the decision of the Commission was neither arbitrary nor unreasonable and that there was no tenable basis for reclassifying this property. The Chancellor's opinion understandably indicates some uncertainty as to the court's role in deciding the issues on a "de novo" hearing. We will subsequently in this opinion dispose of this difficulty.

■ Appellant first contends the trial court improperly required it to introduce evidence first, thereby imposing upon it the burden of proof. It may be observed the court's order related only to the *order* of proof, not the burden. Under CR 43.02 (3) the court has discretion in this matter and we find neither abuse of discretion nor prejudice. The same procedure was followed in Jenkins v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 357 S.W.2d 846.

The question of the *burden of proof* has impelled us to re-examine comprehensively our administrative appeal procedure and former decisions. This re-appraisal has convinced us that one phase of the procedure provided by KRS 100.057 not only is impractical and unworkable, but is unconstitutional.

■ Section (2) of KRS 100.057 provides that "Hearings in the circuit court shall be *de novo* * * *." (Our emphasis) We wrestled with this concept in Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563. When coupled with our decision in Boyd v. Louisville and Jefferson County Planning and Zoning Commission, 313 Ky. 196, 230 S.W.2d 444, which involved the burden of proof, we find the circuit court confronted with almost insurmountable difficulties. These involve not only the procedural method of trial but the scope of review in properly disposing of the appeal on its merits. *The root of the trouble is that this statute undertakes to impose on the court a nonjudicial administrative function.* See Davis, Administrative Law Text (1959), section 29.10 (page 535). It thereby violates section 27 of the Kentucky Constitution which provides for the separation of powers.[1]

■ In order that the independence of the three distinct departments of government be preserved, it is a fundamental principle that the legislature cannot invade the province of the judiciary. II Am.Jur., Constitutional Law, section 206 (page 908); 16 C.J.S. Constitutional Law, § 104, page 483. It cannot take away judicial power. Commonwealth ex rel. Tinder v. Werner, Ky., 280 S.W.2d 214; Austin v. Lambert, 11 Cal. 2d 73, 77 P.2d 849, 115 A.L.R. 849; State ex rel. Kostas v. Johnson, 224 Ind. 540, 69 N.E.2d 592, 168 A.L.R. 1118. Nor may it impose upon the judiciary nonjudicial duties. 11 Am.Jur., Constitutional Law, section 225 (page 937); 2 Am.Jur.2d, Administrative Law, section 579 (page 402); Boone County v. Town of Verona, 190 Ky. 430, 227 S.W. 804; State v. Huber, 129 W.Va. 198, 40 S.

1. Section 27 of the Kentucky Constitution provides: "The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

E.2d 11, 168 A.L.R. 808; State ex rel. Richardson v. County Court of Kanawaha County, 138 W.Va. 885, 78 S.E.2d 569. In short, the legislature can neither reduce nor enlarge the scope of the judicial function.

The duties or functions which the legislature may not transfer to the judiciary have been characterized as either legislative [2] or executive.[3] That many of these may be delegated to administrative agencies has long been acknowledged.[4] Their descriptive classification is not, however, the significant point. The vice lies in the fact that the duties or functions sought to be conferred upon the courts lie beyond the scope of judicial power.[5]

If the legislature cannot impose upon the courts the administrative duty or function of making an initial discretionary decision, it cannot do so by the fiction of an appeal which requires the court to adjudicate upon administrative rather than judicial considerations. 16 C.J.S. Constitutional Law § 164, page 838.

In a recent opinion of the Alabama Supreme Court this precise question was carefully examined. Ball v. Jones, 272 Ala. 305, 132 So.2d 120. The statute involved was similar to KRS 100.057, and prescribed a "de novo" trial in the circuit court upon an appeal by an aggrieved person from a decision, order or act of the legislative body of a city on the subject of zoning. The opinion

points out that zoning is a legislative matter and the legislature could not delegate to or confer upon the courts this function. Since authorizing the circuit court on appeal to try the matter "de novo" has this effect, the act was held unconstitutional as imposing upon the court a nonjudicial function.

We accept as sound the reasoning of this opinion on the general principle involved. Let us examine its application to the present case.

The subject matter of this controversy is a proposed adjustment to a master zoning plan.[6] It is clear under our statutes that the Planning and Zoning Commission, when acting on a proposed adjustment, performs the identical legislative function involved in promulgating the master zoning plan. KRS 100.055 is entitled in part "Delegation to commission of power to approve adjustments; controlling factors;". Section (2) of this statute provides that the Commission shall be guided and governed by the purposes and provisions of certain zoning statutes (enumerating them) and shall be "particularly in accordance with" the purposes and provisions of other statutes (enumerating them), " * * * to the end that said master plan, or part or parts thereof, as the case may be, as so adjusted shall accomplish a coordinated and harmonious development of the incorporated and unincorporated area of the entire county."

2. Ball v. Jones, 272 Ala. 305, 132 So.2d 120.

3. Borreson v. Department of Public Welfare, 368 Ill. 425, 14 N.E.2d 485.

4. See Administrative Procedure Law in Kentucky, Research Report No. 12, (1962) Legislative Research Commission. An Administrative agency has been realistically characterized as a *fourth* branch of government. See Report of Hoover Commission, March 1949, "Regulatory Commissions," p. 2; O'Conor, Policing the Administrative Process, (1957) 43 ABA Journal 920, 923.

5. Identification of the essential nature of judicial power would call for a lengthy treatise. An excellent discussion may be found in State v. Huber, 129 W.Va. 198, 40 S.E.2d 11, 168 A.L.R. 808. In an unpublished essay the writer of this opinion, with some trepidation, once undertook to define judicial power as "the constitutional authority to make final and enforceable decisions of questions of law raised by a claim of legal right."

6. This is not the same thing as a special exception to a zoning regulation which is passed upon by the *Board* of Zoning Adjustment and Appeals under KRS 100.-082, but since the appeal procedure is the same, our decision in this case will likewise control appeals from decisions, orders or rulings of such Board. See KRS 100.085(2). The matter will be further discussed in this opinion.

Here obviously is a delegation of legislative power to an administrative agency (whether characterized as a part of the legislative or executive branch of the government) to be exercised in conformity with a legislative policy and in a discretionary manner in the light of prevailing local conditions. It calls for policy decisions by a body with specialized training and experience in this field. In no sense does the Commission perform a judicial function.

The legislature has undertaken to confer upon the judiciary the identical duties and powers of the Commission. This is accomplished by requiring a "de novo" trial on appeal to the circuit court. KRS 100.057 (2). The futility of the initial proceedings is obvious when we recognize that all the steps taken before the Commission are nullified by taking an appeal. The detailed administrative process is a mockery. This procedural absurdity may be traced directly to the unconstitutional character of the "de novo" provision. See California Co. v. State Oil and Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120. Some courts avoid this difficulty by construing "de novo" as meaning no more than judicial *review* on generally accepted grounds. See Davis, Administrative Law Text (1959), section 29.10 (page 535). We do not see the advantage in so distorting the accepted meaning of the term. See Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563.

■■ If a court is required to try out independently the propriety of an adjustment in a zoning plan, then the court is simply substituted for the Commission in determining and applying legislative policy to local conditions which require the expertise of an administrative agency. The legislature cannot, by directing a method of appeal procedure, impose upon the courts administrative duties to carry out its policies by discretionary decisions.[7] City of Louisville v. Kraft, Ky., 297 S.W.2d 39;[8] California Co. v. State Oil and Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120; Borreson v. Department of Public Welfare, 368 Ill. 425, 14 N.E.2d 485; Ball v. Jones, 272 Ala. 305, 132 So.2d 120; Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699; Chemical Bank & Trust Company v. Falkner, Tex., 369 S.W.2d 427. We therefore conclude that KRS 100.057, to the extent it requires a "de novo" trial in the circuit court upon an appeal from an act or decision of the Planning and Zoning Commission, is unconstitutional and void.

■ In Ball v. Jones, 272 Ala. 305, 132 So.2d 120, last above cited, the court decided that the "de novo" feature extinguished *any* right to appeal. We cannot accept this view and are inclined to follow the dissenting opinion of Judge Goodwyn to the effect that the statute was invalid with respect to the trial "de novo" but still permitted an aggrieved party to appeal. This also was the ruling in California Co. v. State Oil and Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120, heretofore cited. We think the "de novo" provision of KRS 100.057 is clearly severable from the rest of this statute.

---

7. If the legislature creates a *cause of action*, it may designate a court rather than an administrative agency to decide a question of *liability* in the first instance. For example, the legislature could probably require the courts to entertain initially such claims as those now presented to the Workmen's Compensation Board or the Board of Claims. It steps over the line, however, when it imposes on the court the duty of making policy decisions in the administrative field.

8. This case involved *annexation* procedure. In the opinion we were hard pressed to restrict our decision to matters of law in the performance of our judicial function and in the exercise of our judicial power. The legislature had apparently intended to confer upon the court authority to decide policy questions and to exercise discretion. In the light of what we are deciding in this opinion, we could well have declined in that case to make a judicial determination of what is essentially a legislative matter.

An appeal from any action or decision of a Planning and Zoning Commission in cities of the first class and counties containing such cities was authorized as an integral part of zoning procedure.[9] Since we have decided that a trial "de novo" does not constitute a proper judicial review of this administrative action, our remaining question concerns the scope of review under KRS 100.057 with the "de novo" feature eliminated.

Section (1) of this statute provides that the circuit court shall have jurisdiction "to hear and determine all questions and issues properly brought before it on such appeal". As we shall show, this provision sufficiently encompasses the essential elements of adequate review.

Basically, judicial review of administrative action is concerned with the question of *arbitrariness*. On this ground the courts will assume jurisdiction even in the absence of statutory authorization of an appeal. Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W.2d 782; Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018. There is an inherent right of appeal from orders of administrative agencies where constitutional rights are involved,[10] and section (2) of the Constitution prohibits the exercise of arbitrary power.[11]

Obviously within the scope of a proper review the court may determine whether the agency acted in exercise of its statutory powers. Henry v. Parrish, 307 Ky. 559, 211 S.W.2d 418. Such action would be arbitrary within the prohibition of section (2) of the Kentucky Constitution. See 2 Am.Jur.2d, Administrative Law, section 617 (page 460).

In the interest of fairness, a party to be affected by an administrative order is entitled to procedural due process. Kentucky Alcoholic Beverage Control Board v. Jacobs, Ky., 269 S.W.2d 189. Administrative proceedings affecting a party's rights which did not afford an opportunity to be heard could likewise be classified as arbitrary.

Unless action taken by an administrative agency is supported by substantial evidence it is arbitrary. Thurman v. Meridian Mut. Ins. Co., Ky., 345 S.W.2d 635.

The above three grounds of judicial review, (1) action in excess of granted powers, (2) lack of procedural due process, and (3) lack of substantial evidentiary support, effectually delineate its necessary and permissible scope. It is possible that other apparently unrelated matters of law may be considered.[12] Judicial review of legal questions cannot be impaired by the

9. It is difficult to understand the policy of the legislature with respect to appeals in zoning cases. For cities of the first class, as we have heretofore discussed, the scope of review in the circuit court is so liberal (the "de novo" feature) as to call for the exercise of nonjudicial power. (KRS 100.057). For all other cities review by the circuit court is restricted to three specified considerations. (KRS 100.490; KRS 100.872.)

10. Foster v. Goodpaster, 290 Ky. 410, 161 S.W.2d 626, 140 A.L.R. 1044; Kentucky Alcoholic Beverage Control Board v. Jacobs, Ky., 269 S.W.2d 189.

11. In Pritchett v. Marshall, Ky., 375 S.W. 2d 253, we observed that section (2) of the Kentucky Constitution is broad

enough to embrace both due process and equal protection of the law.

12. While certain Kentucky statutes specify as a ground of review the issue of bad faith, fraud or misrepresentation, it is difficult to grasp exactly what the legislature had in mind. Neither the Federal Administrative Procedure Act (5 U.S.C. § 1009(e)) nor the model State Administrative Procedure Act (see Administrative Procedure Law in Kentucky, Research Report No. 12, (1962) Legislative Research Commission) recognize such considerations. To the extent this kind of tortious conduct might affect the validity of administrative action, review would apparently be warranted within the compass of arbitrariness.

legislature. 2 Am.Jur.2d, Administrative Law, section 654 (page 515); Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489. In the final analysis all of these issues may be reduced to the ultimate question of whether the action taken by the administrative agency was arbitrary. As a general rule the yardstick of fairness is sufficiently broad to measure the validity of administrative action. See Commonwealth ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905.

It is true there may be found in federal and state statutes a seemingly endless category of grounds which purport to bracket the scope of judicial review. The Federal Administrative Procedure Act specifies six grounds, which actually are subdivided into sixteen.[13] Our Workmen's Compensation Act specifies four grounds.[14] The Alcoholic Beverage Control Act specifies three.[15] Another zoning statute, KRS 100.480, lists three grounds, which really expand to four in the light of KRS 100.-480, but two are essentially duplications. Another zoning statute, KRS 100.872, lists three grounds but omits the substantial evidence ground, and the first and third are in substance duplications. Orders of the Public Service Commission under KRS 278.410 (1) are reviewable on two grounds, "unlawful or unreasonable", which strikes us as admirably acceptable and adequate.

The uncorrelated legislative attempts to designate specific considerations controlling the scope of judicial review are aimed in the proper general direction, but the fact of the matter is that they have not materially affected or changed the pattern of review. This is so because the scope of review is basically founded upon the independent exercise of judicial power, and limitations imposed by the legislature will not prevail if they fail to protect the legal rights of a complaining party. As we have heretofore indicated, the courts can and will safeguard those rights when questions of law properly present the ultimate issue of arbitrary action on the part of an administrative agency.

To return to our recent point of departure, we reaffirm that the legislature in enacting KRS 100.057 intended to grant a procedural right of direct appeal in a case such as the one before us.[16] Since we have determined that the legislature could not convert judicial review into the making of an administrative decision, the appellant is limited to those issues which may properly be brought to the court for review. As we have indicated, those issues are confined to questions of law which are encompassed in the question: "Was the administrative decision arbitrary?"

There is one minor problem of procedure in properly presenting this question to the circuit court on appeal. The record made before the Zoning Commission is of course important and KRS 100.057 makes no specific provision for bringing up that record. However, section (1) of that statute requires that "an order to show cause be issued against and served upon the commission". We may reasonably construe such order as requiring the Commission to certify its complete record to the court, as is done under KRS 100.480(2) and KRS 100.872(3).[17] No new or additional evidence would be admissible on appeal except to determine what state of facts the Commission acted on,[18] or possibly to establish

---

13. 5 U.S.C. § 1009(e).

14. KRS 342.285(3).

15. KRS 243.570(2).

16. When no direct appeal is authorized by the legislature, resort to other procedural remedies may be required to obtain a review of administrative action. See Foster v. Goodpaster, 290 Ky. 410, 161 S.W.2d 626.

17. We believe this a more reasonable construction of the "show cause order" than that adopted in Boyd v. Louisville and Jefferson County Planning and Zoning Commission, 313 Ky. 196, 230 S.W.2d 444, which is being expressly overruled in this opinion.

18. See California Co. v. State Oil and Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120.

the violation of some legal right with respect to a matter not in issue in proceedings before the Commission.[19]

The only claim of arbitrariness in this proceeding could be that there was not substantial evidence to support the ruling of the Zoning Commission. Our recitation of the evidence in support of this order, appearing in the first part of this opinion, makes it clear that this requirement was amply fulfilled. There was a presumption in favor of the original zoning plan. Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W.2d 782. The evidence for the appellant showed no more than convenience to it and neighboring property owners in the immediate area if a change of classification were made. On the other hand, the maintenance of the original plan was shown to be in the best public interest from the standpoint of the entire zoned area.

Against the possible charge by appellant that we have changed the rules in the middle of the game, we will observe that even if the burden of proof had been on the Commission, and even if the trial judge had been properly required to render an administrative decision, we are in complete agreement with his findings and conclusions based upon the record made in the circuit court. See Hodge v. Luckett, Ky., 357 S.W.2d 303.

We deem it necessary to here comment upon another type of appeal authorized under KRS, Chapter 100. While the appeal before us stems from a decision of the Planning and Zoning *Commission* with respect to an adjustment in the zoning plan, the same chapter provides for a similar appeal from the *Board* of Zoning Adjustment and Appeals from a decision making special exceptions or otherwise ruling on the requirements of zoning regulations and restrictions. KRS 100.085. Since the latter appeal is taken under KRS 100.057, what we have heretofore said applies to it as well.

In Ball v. Jones, 272 Ala. 305, 132 So.2d 120, heretofore cited, there is dictum to the effect that a board of zoning adjustment performs a *quasi judicial* function and that a "de novo" trial on appeal from such a board might not offend the Constitution. We cannot accept this label as accurately descriptive of the action of a zoning administrative agency nor can we accept the legal effect of using this label.[20]

Though a different (but similar) administrative agency was involved, this precise question was decided by the Supreme Court of Missisippi in California Co. v. State Oil and Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120, heretofore cited. It was there held that an administrative body with power to make exceptions to a legislative plan for spacing oil wells was acting in the same legislative capacity as that involved in prescribing the original plan and the courts could not be authorized to pass upon proposed exceptions in a "de novo" manner.

We conclude that regardless of whether an administrative agency is promulgating an original zoning plan or allowing adjustments or exceptions to it, if it has been designated to carry out a legislative policy by the exercise of discretionary judgment in a specialized field, it is performing a nonjudicial function. The legislature may not delegate to or impose upon the judiciary such an administrative decision or require a court to substitute its in-

---

19. Fraud or bad faith could fall within this category.

20. It is very doubtful that characterizing the function of an administrative agency as *quasi judicial* serves any purpose but to confuse. Though such an agency may adjudicate, it does not exercise judicial power and the term, instead of correlating the agency with the judiciary, may mean exactly the opposite. See Mulhearn v. Federal Shipbuilding & Dry Dock Co., 2 N.J. 356, 66 A.2d 726, 730; Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870; Meyer v. Parr, 69 Ohio App. 344, 37 N.E.2d 637.

dependent judgment on the facts for that of an administrative agency of another branch of government to which the right of decision has been duly delegated. Therefore, this opinion governs appeals taken under KRS 100.085.

The cases of Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563, and Boyd v. Louisville and Jefferson County Planning and Zoning Commission, 313 Ky. 196, 230 S.W.2d 444, are expressly overruled.

The judgment is affirmed.