**Gerald M. WILCHER, Appellant,**

v.

**Rose WILCHER, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1978.

Discretionary Review Denied June 6, 1978.

James L. Dickinson, Lexington, for appellant.

W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for appellee.

Before LESTER, PARK and WHITE, JJ.

PARK, Judge.

The petitioner-appellant, Gerald M. Wilcher, appeals from a judgment of the Boyle Circuit Court denying his motion to modify a prior custody decree. The circuit court had entered the prior decree on March 19, 1976, following hearings in which the issue of custody was bitterly contested. The respondent-appellee, Rose Wilcher, had been granted custody of the parties' only child, Kyn Marvin Wilcher, who was born March 17, 1969. In a memorandum opinion per curiam rendered March 11, 1977, the Supreme Court affirmed the circuit court's original award of custody to Mrs. Wilcher.

On September 7, 1976, during the pendency of the original appeal, Mr. Wilcher filed a motion to modify the custody decree. This motion was overruled because the motion was not supported by an affidavit as required by KRS 403.350. See *Robbins v. King*, Ky., 519 S.W.2d 839 (1975). After Mr. Wilcher filed a second motion on September 9, 1976, which was supported by affidavit, the domestic relations trial commissioner recommended that Mr. Wilcher's motion for a custody modification hearing should be sustained, and a hearing was scheduled for October 20, 1976. The record does not reflect that an order was entered by the circuit court approving the recommendations of the commissioner. Nevertheless, a full evidentiary hearing was conducted by the commissioner.

Mr. Wilcher's motion to change the custody of Kyn was based upon the allegation that Mrs. Wilcher had engaged in an act of oral sex with a third party in the presence of Kyn. The commissioner heard extensive testimony and interviewed the child. The commissioner recommended that Mrs. Wilcher should retain custody of Kyn. In his written report, the commissioner outlined a number of reasons why he did not accept the evidence offered to support the allegations against Mrs. Wilcher. The circuit judge adopted the commissioner's report and also made detailed findings of fact based upon his own examination of the

record. The trial judge declined to accept Kyn's testimony which was the only direct evidence of the act allegedly performed by Mrs. Wilcher.

On this appeal, Mr. Wilcher contends that the findings by the trial commissioner and by the trial judge were clearly erroneous within the meaning of CR 52.01. Mr. Wilcher asserts that the reasons given for not believing Kyn are not supported by the record. Arguing that Mrs. Wilcher had the burden of proof on his motion for change of custody, Mr. Wilcher claims that the commissioner and the trial judge were compelled to accept Kyn's version of the incident in view of alleged inconsistencies in the testimony offered on behalf of Mrs. Wilcher.

In support of his argument that Mrs. Wilcher had the burden of proof, Mr. Wilcher relies upon the following provisions of KRS 403.350:

> A party seeking . . . modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the . . . modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on *an order to show cause why the requested . . . modification should not be granted.* (emphasis added)

An order to show cause was not entered in this case, but this fact is not material. We conclude that the entry of an order to show cause would not have placed the burden of proof on Mrs. Wilcher at the hearing on the motion to modify the custody decree.

■ As a general rule, a show-cause order does not shift the burden of proof. A show-cause order is no more than a summary method of giving notice of a hearing. *Chambers v. Blickle Ford Sales,* 313 F.2d 252, 257 (2d Cir. 1963); *In re Gilhuly,* 124 Conn. 271, 199 A. 436, 440–41 (1938); *Stair v. Meissel,* 207 Ind. 280, 192 N.E. 453, 455–

56 (1934). See also 5 Wright and Miller, *Federal Practice and Procedure: Civ.* § 1195. The question of burden of proof must be decided without regard to the issuance of a show-cause order.

■ When a party seeks to modify a divorce decree respecting maintenance or support pursuant to KRS 403.250, the moving party has the burden of proving a change of circumstances so substantial and continuing as to make the terms of the decree unconscionable. *Burnett v. Burnett,* Ky., 516 S.W.2d 330 (1974); *McKenzie v. McKenzie,* Ky., 502 S.W.2d 657 (1973). We conclude that a party seeking modification of a custody decree pursuant to KRS 403.-340 must also bear the burden of proof. Under that statute, the court may not modify a prior custody decree except on "the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the entry of the prior decree." In addition, the court may not modify the prior custody decree unless the child's present environment "endanger[s] seriously his physical, mental, moral, or emotional health." KRS 403.340 reflects a strong legislative policy to maximize the finality of custody decrees without jeopardizing the health and welfare of the child. The statute creates a presumption that the present custodian is entitled to continue as the child's custodian. See the Commissioner's Note to Section 409 of the Uniform Marriage and Divorce Act upon which KRS 403.340 is based.

KRS 403.350 should not be construed to place the burden of proof upon the custodial parent at a hearing of a motion to modify a prior custody decree. Such a construction would defeat the obvious purpose of KRS 403.340 and KRS 403.350 to encourage stability in the custodial relationship. KRS 403.350 is based upon Section 410 of the Uniform Marriage and Divorce Act. In explaining the purpose of that statute, the Commissioner's Note states:

> This section establishes a procedure for seeking temporary custody or a modification of a custody decree by motion supported with affidavits. The procedure is

designed to result in denial of the motion without a hearing unless the court finds that the affidavits establish adequate cause for holding a hearing. The procedure will thus tend to discourage contests over temporary custody and prevent repeated or insubstantial motions for modification.

It is clear that the show-cause order entered pursuant to KRS 403.350 does no more than give the custodial parent notice of the court's decision to have a hearing on the motion to modify the custody decree. The show-cause order does not place the burden of proof on the custodial parent.

We are not persuaded that the decision in *Boyd v. Louisville & Jefferson County Planning and Zoning Commission*, 313 Ky. 196, 230 S.W.2d 444 (1949), requires a different result. That case involved the statute authorizing appeals from decisions of planning and zoning commissions in counties containing a city of the first class. The statute provided that the appeal was to be heard de novo following the issuance of "an order to show cause" against the commission. The court held that the statute evidenced an intention to impose the burden of proof on the commission. The *Boyd* case was expressly overruled in *American Beauty Corp. v. Louisville & Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450 (1964). Furthermore, the holding in *Boyd* that the show-cause order placed the burden of proof on the respondent commission was consistent with the statutory policy of granting the property owner a trial de novo in a circuit court. In the present case, shifting the burden of proof to the non-custodial parent would be inconsistent with the policy of the Marriage and Divorce Act to afford relative finality to custody decrees.

■ Taking into consideration that Mr. Wilcher had the burden of proof on his motion for a change of custody, it is apparent that the findings of fact by the trial commissioner and trial judge are not clearly erroneous within the meaning of CR 52.01. The trial judge necessarily must have a high degree of discretion in custody matters. The trial judge properly considered

the fact that Mr. Wilcher had previously made various accusations against Mrs. Wilcher which he was unable to substantiate. Mr. Wilcher was also in substantial arrears in the payment of child support at the time he sought custody. Mr. Wilcher has failed to establish that manifest error was committed by the trial judge by denying the motion for change of custody. *Dudgeon v. Dudgeon*, Ky., 458 S.W.2d 159 (1970).

The judgment of the circuit court is affirmed.

All concur.