Timothy Jay WILSON, Appellant,

v.

Sharon Wilson MESSINGER, Appellee.

No. 91–SC–737–DG.

Supreme Court of Kentucky.

Nov. 19, 1992.

James W. Lyon, Jr., Ashland, for appellant.

Gordon J. Dill, Jr., Ashland, for appellee.

STEPHENS, Chief Justice.

The question presented is whether the requirements governing child custody under KRS 403.340 were met when the party requesting a modification of child custody produced evidence which contained assertions of a certified social worker that the child in question suffered signs of stress attributable to the pending relocation of her custodial parent. The circuit court and Court of Appeals held that appellant's motion to modify custody was properly denied. We agree.

Parties to this action dissolved their marriage in 1986. At that time Sharon Wilson Messinger, the appellee, was awarded custody of the couple's daughter, Nicole. Nicole is now fourteen years old. Since the child's parents resided in the Raceland area, Nicole had continued close contact with both sets of relatives. The present custody dispute arose when Nicole and her father, Timothy Jay Wilson, the appellant, objected to Sharon Wilson Messinger's proposed move to West Virginia.

KRS 403.340(2) requires a determination that a modification of the custody decree will serve the best interests of the child when there has been either a change in the circumstances of the child or the custodian. *Modification of custody can be in the child's best interest, according to KRS 403.-340(2), when:*

(a) The custodian agrees to the modification;

(b) The child has been integrated into the family of the petitioner with consent of the custodian; or

(c) The child's present environment endangers seriously his physical, mental, moral, or emotional health, and the harm likely to be caused by a change of environment is outweighed by its advantages to him.

Under KRS 403.340(2)(a), (b), or (c), the initially designated custodian retains custody of the child until any one of the above situations occurs.

The Domestic Relations Commissioner determined that the case at bar fell outside

the ambit of KRS 403.340(2)(a) and (b). The Commissioner also found that Timothy Jay Wilson failed to meet the burden of proof fixed by KRS 403.340(2)(c). For these reasons the Domestic Relations Commissioner recommended that the Court overrule Wilson's motion for modification of custody. However, the Commissioner recommended a modification of visitation that granted appellant contact with Nicole from 8 P.M. each Sunday to 5 P.M. each Friday.

The circuit court, in adopting the Domestic Relations Commissioner's recommendation concerning custody, overruled appellant's motion for modification. Citing the custodial parent's discretion under KRS 403.330 concerning the child's education, the circuit court refused to adopt the Commissioner's recommendation regarding modification of visitation.

The Court of Appeals upheld the circuit court's order denying modification of custody. The Court cited *Quisenberry v. Quisenberry*, Ky., 785 S.W.2d 485 (1990), as authority for the principle that "provisions of this subsection [KRS 403.340(2)] intend to inhibit further litigation initiated simply because the noncustodial parent, or the child, or both, believe that a change in custody would be in the child's best interest." *Id.* at 487.

Appellant has failed to meet the burden found in KRS 403.340(2)(c) for he has not proven the likelihood of harm to the child if custody is not modified. *See Wilcher v. Wilcher*, Ky.App., 566 S.W.2d 173 (1978). Appellant's argument that Ms. Messinger, the custodial parent, is changing the child's environment does not distinguish this case from *Quisenberry*. The Court of Appeals, in determining this question noted that, "a custodial parent cannot, in today's mobile society, be forced to remain in one location in order to retain custody."

The record fails to establish that the child's present environment endangers seriously her physical, mental, or emotional health. We therefore affirm the decision of the Court of Appeals which upholds the circuit court's overruling of Wilson's motion for modification of custody.

COMBS, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

LAMBERT, J., dissents in a separate dissenting opinion in which WINTERSHEIMER, J., joins.

LAMBERT, Justice, dissenting.

As noted by the Court of Appeals, "The action was initially heard before a commissioner who found that the best interest of Nichole would clearly be served by a change of custody." Despite this finding by the only judicial officer who heard the evidence, the courts below have been forced to follow our ill-advised decision in *Quisenberry v. Quisenberry*, Ky., 785 S.W.2d 485 (1990).

I dissented in *Quisenberry* on the view that a statute intended to apply to *interstate* cases was improperly applied to a wholly *intrastate* case, a fact which prevails here. I also expressed the view that trial courts should not be "hamstrung" and should "retain a measure of discretion to determine custody modification upon a showing of changed circumstances." This case well illustrates the mischief of *Quisenberry*, but the majority has seen fit to perpetuate the error and further deny trial courts power to modify custody except in the most extreme circumstances.

I continue to believe that we have misinterpreted KRS 403.340(2), and that the General Assembly never intended to prevent reconsideration of custody determinations, and permit modification on a showing that a child's best interest would be served by a change in custody.

WINTERSHEIMER, J., joins in this dissenting opinion.