RENDERED: MARCH 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0940-MR

LISA GANNOE                                            APPELLANT

                   APPEAL FROM FAYETTE CIRCUIT COURT
v.                HONORABLE KIMBERLY N. BUNNELL, JUDGE
                          ACTION NO. 20-CI-03008

LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT; CHAD
NEEDHAM, IN HIS OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT; CHAD T.
WALKER, IN HIS OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT; ECTON FARM,
LLC; HARRY CLARKE, IN HIS
OFFICIAL CAPACITY AS MEMBER
OF THE LEXINGTON FAYETTE
URBAN COUNTY GOVERNMENT
BOARD OF ADJUSTMENT; JANICE
MEYER, IN HER OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD

OF ADJUSTMENT; JOAN WITMAN,
IN HER OFFICIAL CAPACITY AS
MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY
GOVERNMENT BOARD OF
ADJUSTMENT; MICHAEL ECTON;
PHILIP GROSS, IN HIS OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT; RAQUEL
CARTER, IN HER OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT; AND THOMAS
GLOVER, IN HIS OFFICIAL
CAPACITY AS MEMBER OF THE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT BOARD
OF ADJUSTMENT                                                        APPELLEES


AND



NO. 2021-CA-0990-MR

ECTON FARM, LLC, AND MICHAEL
ECTON                                                               CROSS-APPELLANTS


                    CROSS-APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
                         ACTION NO. 20-CI-03008


LISA GANNOE; CHAD NEEDHAM,
IN HIS OFFICIAL CAPACITY AS

MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; CHAD T. WALKER, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; HARRY CLARKE, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; JANICE MEYER, IN HER OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; JOAN WITMAN, IN HER OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; PHILIP GROSS, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; RAQUEL CARTER, IN HER OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT BOARD OF ADJUSTMENT; AND THOMAS GLOVER, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE LEXINGTON FAYETTE URBAN

COUNTY GOVERNMENT BOARD
OF ADJUSTMENT                                                    CROSS-APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; DIXON AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Lisa Gannoe appeals from the Fayette Circuit Court's order

affirming the Lexington Fayette Urban County Government Board of Adjustment

(the Board or BOA) decision to approve the conditional use permit application of

Michael Ecton and Ecton Farm LLC (Ecton).  Ecton cross-appeals, arguing that the

Fayette Circuit Court erred in denying Ecton's motion to dismiss Gannoe's

administrative appeal.  We affirm on appeal and cross-appeal (Nos. 2021-CA-0940

and 2021-CA-0990, respectively).

        The litigation centers around a piece of property located in a rural area

of southern Fayette County.  In 2006 the Board had granted a conditional use

permit for a plant nursery to the former owner who then built a structure but failed

to comply with a number of the conditions.  The property was essentially

abandoned, and that permit was revoked in 2017.  Ecton, the current owner,

purchased the property in July 2020 at a master commissioner's sale.  Ecton then

sought Board approval for another conditional use permit; he submitted his plans,

including restoration of the existing greenhouse, for the structure to remain a plant nursery. Gannoe, whose residence is located across the road from Ecton's property, and other adjoining landowners (residents of the Old Richmond Road Neighborhood Association) opposed the permit. The Board held a hearing, during which Ecton presented his testimony and proposed plans; after Gannoe and the others voiced their objections, the Board voted (6 to 1) to approve the permit for a plant nursery on the property. The permit was subject to nine separately listed conditions.[1]

In October 2020, Gannoe appealed the Board's decision to the Fayette Circuit Court pursuant to Kentucky Revised Statute (KRS) 100.347(1), which states:

> Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of adjustment shall be a party in any such appeal filed in the Circuit Court.

---

[1] Included among the listed conditions were limitations on hours of operation, installation of a stormwater management system, appropriate landscaping, and lighting, as well as conditions regarding ingress and egress. No sales were to take place on the property. And Ecton agreed to bring the existing structure, which had suffered significant neglect since its original construction, up to code.

Ecton and the Board filed separate motions to dismiss the action, arguing that Gannoe and the other neighbors failed to establish sufficiently that they were injured or aggrieved. KRS 100.347(1). The motions were denied after a hearing on December 4, 2020.[2]

The parties briefed the remaining issues, and the circuit court held a hearing with all parties present on July 13, 2021. Judgment was entered on August 3, 2021. Gannoe filed her appeal, and Ecton filed his cross-appeal.

We begin by stating our standard of review, namely:

> Judicial review of an administrative decision is concerned with whether the action of the agency was arbitrary. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964). Three grounds exist for finding that an agency's decision was arbitrary: (1) the agency acted in excess of its statutory powers, (2) the agency did not afford procedural due process, and (3) the agency's decision was not supported by substantial evidence. *Id.*

*Baesler v. Lexington-Fayette Urban County Government*, 237 S.W.3d 209, 212 (Ky. App. 2007).

Gannoe argues that, because the Board was interpreting the Zoning Ordinance's provisions regarding commercial greenhouses versus plant nurseries, the circuit court should have reviewed the Board's decision *de novo*, rather than

---

[2] However, one named Board member (Janice Meyer) was dismissed as a party without objection because she was not a member at the time the Board voted to approve the permit.

simply for arbitrariness. Gannoe contends that Ecton's proposed use fit the definition of a commercial greenhouse, rather than the plant nursery for which Ecton was approved. Furthermore, Gannoe insists, the greenhouse, because it is the only building on the property, cannot be considered an accessory structure but must be the primary one. This, she maintains, necessarily makes Ecton's enterprise a commercial greenhouse rather than a plant nursery. Therefore, Gannoe continues, the Board improperly granted the permit to Ecton for the proposed plan's failure to meet those definitions included in the zoning ordinances and the circuit court erred in affirming on direct appeal. Gannoe additionally urges that she and the other objectors were denied due process because her video camera was muted during the Board's hearing.

We disagree. We have examined the record in its entirety (including the videotaped sessions held in the circuit court) and can find no error in the circuit court's judgment upholding the Board's grant of a conditional use permit to Ecton. The circuit court's focus, and rightly so, was on the propriety of the Board's decision given applicable ordinances and the evidence presented before it.

> KRS 100.237 authorizes local zoning boards of adjustment to hear and decide applications for conditional use permits. A "conditional use permit" is an exception within Kentucky's zoning law which allows an applicant to undertake a beneficial land use not otherwise permitted in a particular zoning district. KRS 100.111(7). The local zoning ordinance supplies the standards the board of adjustment must follow in

determining whether to grant or deny a conditional use permit. *Hardin County v. Jost*, 897 S.W.2d 592, 595 (Ky. App. 1995). Typically, these standards appear in the zoning ordinance as list of acceptable conditional uses that the board of adjustment may authorize in particular zones. *See Harrison Silvergrove Property, LLC v. Campbell County and Municipal Board of Adjustment*, 492 S.W.3d 908, 913 (Ky. App. 2016). The applicant is then able to choose from the list and apply for a conditional use permit, which the board of adjustment may approve, modify, or deny. KRS 100.237. The board of adjustment must, however, adhere to fundamental due process requirements. *See Hilltop Basic Resources, Inc. v. County of Boone*, 180 S.W.3d 464, 469 (Ky. 2005) (right to a hearing, the taking and weighing of evidence, factual findings based on the record, an appropriate order, and a judicial review of the administrative action); *see also Kaelin v. City of Louisville*, 643 S.W.2d 590, 592 (Ky. 1982) (right to cross-examination).

In its final form, a conditional use permit consists of two parts: (1) a factual determination justifying the issuance of a permit; and (2) a statement of conditions which the applicant must meet for the use to be permitted. KRS 100.111(7). This latter part must be recorded in the board of adjustment's meeting minutes "and on the conditional use permit. . . ." KRS 100.237(1). Once approved, the local administrative official issues the conditional use permit. *See* KRS 100.111(7).

*Drakes Creek Holding Co., LLC v. Franklin-Simpson Cnty. Board of Zoning Adjustment*, 518 S.W.3d 174, 179-80 (Ky. App. 2017).

Here, the Board had a sufficient basis for issuing Ecton the permit. The local zoning ordinance lists a plant nursery as an available and acceptable

conditional use for this agricultural zone, and Ecton's proposal met that definition.

Ecton's proposal was sufficiently detailed for the Board to make its decision (and

for the circuit court to consider in its review on appeal). The Board's hearing did

not violate Gannoe's due process rights. Gannoe and other affected parties were

given ample opportunity to submit evidence and voice their concerns. In fact, as

Ecton points out, the testimony of the opposition effectively equaled Ecton's in

terms of time spent at the hearing. Gannoe does not specify what, if anything, she

or other objectors were prevented from presenting. The Board imposed nine

conditions which appeared on the permit, and the Board recorded the conditions in

its meeting minutes. *Id.* Any future violation of those conditions would be

improper for the Board's or circuit court's consideration. The circuit court

considered all these factors on appeal before issuing its judgment. Accordingly,

the permit was properly issued.

Ecton's cross-appeal (which argues that the circuit court erred by

denying his motion to dismiss)[3] must also fail. We agree with the circuit court's

ruling that Gannoe and the other objectors sufficiently met their burden of proving

that they were "injured or aggrieved" parties. KRS 100.347(1). We find no error

---

[3] The Board also argues that the circuit court erred in this respect; the Board's brief essentially mirrors Ecton's in its position.

-9-

in that determination as well as the circuit court's order denying the motion to dismiss.

The judgment and order of the Fayette Circuit Court is affirmed.

THOMPSON, CHIEF JUDGE, CONCURS.

DIXON, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT/CROSS-APPELLEE LISA GANNOE:

Jessica K. Winters
Lexington, Kentucky

BRIEFS FOR APPELLEES/CROSS-APPELLANTS ECTON FARMS LLC AND MICHAEL ECTON:

R. Douglas Martin
Lexington, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLEE LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT:

Tracy W. Jones
Lexington, Kentucky