LOUISVILLE & JEFFERSON COUNTY
PLANNING & ZONING COMMISSION
et al., Appellants,

v.

Gertrude F. COPE, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1958.

James L. Taylor, Louisville, for appellants.

Robert L. Sloss, Gordon B. Davidson, Wyatt, Grafton & Grafton, Louisville, for appellee.

EBLEN, Judge.

The appellee, Mrs. Cope, is the owner of an unimproved tract of land in Jefferson County, which fronts some 749 feet on the southwest side of Bardstown Road and extends south between Springdale Drive and Fegenbush Lane. There is a smaller rectangular shaped tract at the intersection of Springdale Drive and Bardstown Road, not owned by appellee, and containing two lots fronting on Bardstown Road and four lots fronting on Springdale Drive.

Mrs. Cope made application to the Louisville and Jefferson County Planning and Zoning Commission, the appellant, to have some 20 acres of her tract adjacent to Bardstown Road rezoned from "residential" to "commercial" in order that a shopping center might be constructed thereon. After a public hearing, at which no resident from the affected area appeared to object to the rezoning, the appellant rejected the application.

Pursuant to the provisions of KRS 100.-057, Mrs. Cope appealed to the Jefferson Circuit Court and a trial de novo was had there. The evidence for the Commission, presented by its community planner, a Highway Department traffic engineer, realty brokers and dealers, and an owner of residential property directly across Bardstown Road from the property in question, was to the effect that the present zoning of the Cope property as residential would accomplish harmonious development, conserve the value of neighboring residential property, avoid traffic congestion and promote the public safety. For the appellee,

a Highway Department right-of-way engineer, persons engaged in real estate business, owners of neighborhood property, and the son of the appellee gave testimony substantially contradictory to that of the Commission. Judge Jones visited the area and viewed the property.

From his consideration of the evidence, Judge Jones made the following findings of fact and conclusions of law:

### "Findings of Fact.

"The subject property is located on the south side of the Bardstown Road and the west side of Fegenbush Lane. There is a dedicated street, known as Springdale Drive, on the west side of the property, which extends back about 350 feet from the Bardstown Road. The eastern end of the Buechel Bypass joins the Bardstown Road west of the subject property. Buechel Terrace is directly across the Bardstown Road from it.

"The subject property was zoned as residential in the original master plan. Since that date, there have been many and extensive changes in the properties on both sides of Bardstown Road from the Henry Watterson Expressway on the west, to the subject property on the east. A vast amount of this property was rezoned commercial in 1951. At that time it was known that the General Electric plant would be constructed in that area. The Commission 'drew the line' at Richland Avenue at a later date. Following, under the opinion of the Court of Appeals in the Grady case, the line was extended to Alpha Avenue, the Bardstown Road entrance to Buechel Terrace. All of the property east of Gerald Court on the south side of Bardstown Road, up to the subject property, is now zoned commercial, except for one residence fronting the Bardstown Road immediately to the west of the subject property, and owned by one Edward Wirotzious. A number of residence and land owners, abutting or adjacent to the subject property on both sides of the Bardstown Road, testified that the rezoning of the subject property would not only not be detrimental to their properties and other properties in the neighborhood, but would actually be of benefit to them. Only one neighbor appeared opposing, his property on the north side of Bardstown Road across from the subject property. That property and the Hornung property adjoining it would unquestionably experience some depreciation should a business center be erected on the subject property, but any increase in the already depreciated value of those properties would be negligible, in view of the depreciation which has already taken place. The traffic is now, and probably always will be, a major problem in the neighborhood. The completion of the planned four-lane divided highway from the eastern end of the Buechel Bypass, with the control which the Department of Highways will exercise, should greatly improve the situation even after the proposed business center is erected on the subject property.

"Only a negligible number of homes have been constructed on the Bardstown Road between Watterson Expressway and Fegenbush Lane. The subject property is no longer desirable for the erection of homes. The contention of the Commission that the development of the subject property as a commercial center is 'premature', is hardly consistent with the approval given by the Commission to a proposed shopping center at the intersection of Bardstown Road and Watterson Trail.

### "Conclusions of Law.

"1. The evidence produced by the Commission is not sufficient to justify use of the power vested in the Com-

mission to deny the right of the owners of the subject property to the rezoning sought.

"2. The proposed reclassification of the subject property will have no adverse effect on the health, safety, morals or general welfare of the community.

"Counsel will draw judgment to conform."

The Commission appeals from the judgment entered as directed in this order, and assigns as a basis for reversal that the evidence conclusively shows that proper consideration of the statutory factors of harmonious development, conservation of property values, avoidance of traffic congestion, and promotion of public safety necessarily demands that the subject property be zoned residential. In support of this contention the Commission asserts that the property in question is suitable for residential use, and that the district in which it is located is residential in character rather than commercial.

Under the circumstances here presented, the statutory factors which are to govern the assignment of property to a zoning class are not susceptible of tangible proof. Considering the zoning of the property in this neighborhood and the actual uses to which that property was being devoted, whether harmonious development would be served best by residential or commercial zoning of this property is a matter of opinion. Substantially the same is true with regard to conservation of property values, traffic congestion and public safety.

 It has been established that the circuit court acts as a fact-finding body from a consideration of the evidence heard in the court proceeding, and without regard to whether there is substantial evidence supporting the decision of the Commission. Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563. This is the legal effect of the legislative provision for a trial de novo

in the circuit court. KRS 100.057. To the extent that the Commission complains of this as a bar to effective zoning in Jefferson County, the plea for relief must be addressed to the General Assembly.

 It was said in the Grady case that the circuit court decides whether all the evidence it hears preponderates for or against the decision of the Commission. In so deciding, the circuit court makes a determination of fact, and when that finding of fact is questioned on an appeal to this Court we can reverse only if such finding is clearly erroneous. CR 52.01. From our examination of the trial in the circuit court we conclude that there was substantial evidence of probative value to support the findings of the circuit court. It necessarily follows that we cannot say those findings are clearly erroneous.

The judgment is affirmed.