**A. B. SCHLATTER, INC., Appellant,**

v.

**LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMISSION et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Daniel B. Boone; Boone & Triplett, Louisville, for appellant.

James L. Taylor; Sal Pinto; Louisville, for appellees.

CLAY, Commissioner.

Appellant sought to have the zoning classifications of a tract of land owned by it in Jefferson County changed from "E–3" Industrial to "E–4" Industrial. The Zoning Commission denied appellant's application, and on appeal to the circuit court under KRS 100.057, after a trial de novo, the circuit court confirmed the action of the Commission by denying the zoning change.

▪ The only question before us is whether there was substantial evidence[1] to support the findings of the circuit court. Louisville & Jefferson County Planning and Zoning Commission v. Cope, Ky., 318 S.W. 2d 842; Jenkins v. Louisville & Jefferson Co. Plan. & Zon. Com'n, Ky., 357 S.W.2d 846. There was testimony by home owners in the vicinity concerning the probable adverse effect of heavy industrial uses of the property, testimony of the Chief Planner for the Louisville & Jefferson County

Planning and Zoning Commission with respect to the reasons for the "E–3" zoning classification and why it should not be changed, and testimony by real estate men about the adverse effect of a reclassification. There was also evidence that there was ample unused property in the general area with an "E–4" classification.

▪ The only reason shown by appellant for the requested reclassification was its own convenience. Without deciding the extent of the burden on appellant to establish a substantial basis for the change, and without examining the question of spot zoning in the light of Hodge v. Luckett, Ky., 357 S.W.2d 303, we are of the opinion the findings and conclusions of the circuit court were amply supported by the evidence and were in conformity with law.

The judgment is affirmed.

---

[1]. The language generally used is "substantial evidence of probative value". The phrase "of probative value" is surplusage.

The evidence could not be substantial unless it possessed this persuasive quality.