**Willie L. AINSWORTH, Plaintiff-Appellant,**

v.

**Robert FINCH, Secretary of Health, Education and Welfare of the United States of America, Defendant-Appellee.**

No. 25842.

United States Court of Appeals, Ninth Circuit.

Feb. 2, 1971.

Bertram L. Potter, of Potter, Creim & Rogers, Pasadena, Cal., for plaintiff-appellant.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civ. Div., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before BROWNING, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

Appellant instituted this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of the Secretary's final decision disallowing appellant's claim for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Act, as amended, 42 U.S.C. §§ 416(i) and 423. The district court entered summary judgment for the Secretary.

While we are not to try the claim de novo, "[t]his does not mean that it was intended that the courts should abdicate their conventional judicial function to review," McMullen v. Celebrezze, 335 F. 2d 811, 814 n. 4 (9th Cir. 1964). We cannot escape our duty "to scrutinize the record as a whole to determine whether the conclusions reached have a reasonable basis in law." Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968). *See also* Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Celebrezze v. Bolas, 316 F.2d 498, 501 (8th Cir. 1963); Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958). If, based upon the record as a whole, the Secretary's conclusions are rational, "they must be upheld; but if, for example, reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).

We have carefully examined the entire record in light of the above standard of review. We conclude that the record as a whole supports the Secretary's findings.

Affirmed.