## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Marian B. Saunders

v.

Virginia Supplemental
Retirement System

August 12, 1982

By JUDGE NORMAN K. MOON

This matter is pending on the appeal of Marian B. Saunders from a decision of the Virginia Supplemental Retirement System denying disability retirement benefits to her. The main issue in the case is whether substantial evidence in the record supports the decision of the Virginia Supplemental Retirement System Board of Trustees (VSRS). A secondary issue is whether the VSRS afforded Mrs. Saunders due process of law in the proceedings before it. The Court finds that Mrs. Saunders was not afforded due process of law because the VSRS did not give her a proper hearing before the decision was made. The Court cannot decide if there was substantial evidence to support the VSRS decision because the VSRS has not adequately explained the factual or procedural basis for its decision.

Mrs. Saunders was employed by the Lynchburg School Board as a teacher's aid for approximately 13 years. She received a work related injury in June of 1978 for which she received workman's compensation benefits. For her injuries received in that accident, she was treated by Dr. Terry O. Miller, an orthopedic surgeon, the doctor of her employer's choice. On December 12, 1978, and the fall of 1979, Mrs. Saunders attempted to return to work but was unable to do so. She was treated continually by

Dr. Miller and by Dr. R. Vincent Crowder, her regular family doctor, who had treated her since 1965 for numerous complaints.

Dr. Miller reported to the VSRS that Mrs. Saunders is "disabled for gainful employment." Dr. Crowder stated that Mrs. Saunders "is both permanently and totally disabled for the sum total of her medical problems if not by her back problems alone." Dr. Miller indicated that claimant might possibly be subjected to future surgery but made no indication that surgery would restore her to her condition before the accident.

In a report to the VSRS on January 14, 1980, Dr. Miller reported the following findings:

1. A history of back surgery with a laminectomy and disc excision of the L-5, S1 disc on the right.

2. Considerable narrowing of the L-5, S1 disc space evidence on x-ray.

3. Lumbar spondylosis with S1 nerve root irritation.

And in his reports of February 4, 1980, and May 8, 1980, Dr. Miller reported the following findings:

1. Straight leg raising is limited to about 40 degrees on that side and forward flexion is to about 40 degrees, extension is about 15 degrees and lateral bending about 40 degrees.

2. She can flex comfortably only about 20 degrees in the lumbar spine and can extend about 10 degrees and can bend laterally about 20 degrees.

The VSRS sent complainant to be examined by Dr. J. B. Jones of Lynchburg. He reported that the x-rays show some "narrowing of the lumbosacral intervertebral disc space." But he concluded by saying, "Mrs. Saunders would be expected to have some low back pain as a result of her loss of nucleus pulposus at the lumbosacral level but in my opinion she is exaggerating her symptoms, and I do not believe that she is disabled."

Subsequent to Dr. Jones's report and without any hearing, the VSRS denied her claim upon grounds stated in a letter of April 15, 1981, that there was "no objective evidence of disabling condition of her spine." The VSRS accepted Dr. Jones's conclusion.

In the same letter the VSRS also advised Mrs. Saunders that she had no further administrative appeal.

By letter of April 17, 1981, J. Gorman Rosenberger, Jr., attorney for claimant, insisted that the administrative process and appeal procedure had not been exhausted

since claimant had not been afforded reasonable notice of consultation proceedings and the right to appear before the agency or one of its subordinates for the informal presentation of factual data, argument, or proof in connection with the case.

Thereafter, W. G. Harris, Assistant Director for Benefit Programs and Services, advised Mr. Rosenberger that an informal hearing would be held on July 1, 1981. In a letter of June 10, 1981, Mr. Harris advised as follows:

> As the hearing to be conducted on July 1, 1981, is informal *fact finding* as provided for in the Administrative Process Act, we have established no rules, regulations, procedures, guidelines, policies, etc., applicable to such a hearing.

He went on to say that the agenda for the hearing would be for the claimant to state any reason she felt the decision of the Board of Trustees relative to the disability retirement application was not justified and to present any new medical evidence and additional arguments.

The meeting was held on July 1, 1981, with Mr. Harris as appears from his report of that date. He reported:

> Mrs. Saunders got up from her chair twice during the 45 minute to one hour time period due to discomfort from sitting. She appeared to be sincere about not being able to continue to work.

Mr. Harris further made a recommendation that the Medical Board review the items specifically mentioned by Mr. Rosenberger in his argument to Mr. Harris at the July 1, 1981, meeting and attempt to obtain the results of x-rays taken since the January 22, 1981, examination by Dr. Jones.

Other than those comments, it does not appear that Mr. Harris made "findings of fact" within the legal contemplation of that term. The Medical Review Board's report on August 12, 1981, refers to a chronic depressive reaction which was reported in Dr. Crowder's letter of March 31, 1981. The Medical Review Board's report says that since this is a new complaint, the Board feels that her application should be denied on the basis of her orthopedic

complaints as outlined in her original application. None of the reports say so, but the Court assumes that the Board found that Mrs. Saunders was not permanently disabled from performing any substantial gainful activities. Was there "substantial evidence" to support this finding?

What constitutes "substantial evidence" is a legal issue. No Virginia authority was cited by counsel. In the case of *Klug* v. *Weinberger*, 514 F.2d 423 (8th Cir. 1975), the Court said:

> In the context of the Social Security Act substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richard* v. *Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), quoting from *Consolidated Edison Co.* v. *N.L.R.B.*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938). And in making this inquiry we are mindful that, while we are not to try the claim de novo, neither should we abdicate our function to carefully scrutinize the entire record in concluding the review. *Yavitz* v. *Weinberger*, *supra.* 498 F.2d at 957; *Ainsworth* v. *Weinberger*, 437 F.2d 446, 447 (9th Cir. 1971).

In *A. B. Schlatter, Inc.* v. *Louisville & Jefferson County Planning and Zoning Commission*, Ky. 374 S.W.2d 861, 862, the Supreme Court of Kentucky stated:

> Evidence in order to constitute "substantial evidence" must possess persuasive quality of value.

In examining the evidence before the VSRS in this case, the Court must determine if there is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion.

The issue before the VSRS was whether claimant was physically incapacitated for the further performance of duty and, if so, was such incapacity likely to be permanent.

No fair reading of the report of Dr. Miller or Dr. Crowder could be made without the necessary conclusion

that they believed claimant was physically incapacitated and that the incapacity was permanent. In denying her claim, the VSRS has relied upon the report of Dr. Jones because Dr. Jones stated that he felt that claimant was not disabled and was exaggerating her symptoms. Dr. Jones said that he could not find objective symptoms consistent with her physical complaints.

It must be kept in mind that Dr. Jones was a consultant to the VSRS and not the treating physician of claimant. On the other hand, Dr. Miller had treated complainant throughout the illness for which she was claiming the disability. Moreover, he was the doctor of her employer's choice for her workman's compensation claim. Dr. Crowder had treated her for some 15 years. Both of these doctors were convinced of the sincerity of the complaints and both of these doctors found physical symptoms along with the subjective complaints that convinced them that she was disabled. It is difficult to understand the basis of the VSRS denial. In one instance, it said that it was denying the claim because there were no objective findings to support the complaint. In the final report of the Medical Board of August 12, 1981, it brought up certain emotional problems of claimant and stated that it was difficult for it to reach a decision in the case because of the emotional complaints.

It is a surprise to this Court that there must be objective findings to support disability from an injury. It has certainly been our experience that doctors, including Dr. J. B. Jones, have testified in this Court that the absence of objective symptoms does not in and of itself mean that a person has not been injured.

The credibility of claimant was a crucial question for the VSRS. Mr. Harris is the only representative of the VSRS who has seen and observed Mrs. Saunders, the claimant. His observation that she appeared to be sincere concerning her disability would seem directly at odds with Dr. Jones's observation that she must be exaggerating her complaints. His observation, along with the reports of Drs. Miller and Crowder, presented strong evidence to support her position.

Why did the VSRS reject her evidence in favor of Dr. Jones's report? It presumably has good reasons, but its reasons have not been spelled out as required by statute. After the Harris report on his hearing, the VSRS said there was no new evidence. Mr. Harris's observa-

tions about claimant's sincerity may not have been persuasive, but it was new evidence relative to whether she was malingering.

The fact finding hearing, although informal, is intended to be a substantive part of the procedure when one files for disability benefits. Section 9-6.14:11 provides as follows:

> *Informal Fact Finding* - Save to the extent that case decisions are made as provided by Section 9-6.14:12, agencies shall unless the parties consent, ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings. Such conference-consultation procedures include rights of parties to the case, (i) to have reasonable notice thereof, (ii) to appear in person or by counsel or other qualified representative before the agency or its subordinates for the informal presentation of factual data, argument, or proof in connection with any case, (iii) to have notice of any contrary fact basis or information in the possession of the agency upon which it may rely in any way in making an adverse decision, (iv) to receive a prompt decision of any application for a license, benefit, or renewal thereof, and (v) to be informed, briefly and generally in writing, of the factual or procedural basis for an adverse decision in any case.

The VSRS ignored this statute in all of its proceedings and had denied claimant's claim three times without affording claimant the procedural rights set forth in the statute. In an effort to rectify this, after claimant's counsel had demanded a hearing, a hearing was set up with Mr. Harris. A fair reading of Mr. Harris's report can only conclude that the outcome of the hearing was favorable to the claimant. Nevertheless, the VSRS gave no apparent weight to the Harris report. This was possibly because of its attitude toward a hearing in such cases. Mr. Harris's letter reveals that the VSRS looked upon the hearing as an opportunity for the claimant to show why it was wrong. She was entitled to be heard before the decision was made, not afterwards. Her purpose at

the hearing was to persuade the VSRS that it should *decide* in her favor, not to show why it *decided* against her.

Furthermore, the ultimate decision and denial by the VSRS has not, in the opinion of the court, sufficiently advised claimant of the factual or procedural basis for the adverse decision in the case. Specifically, paragraph (v) above has not been complied with.

See the revisors' notes to the section wherein it is stated:

Agencies should take care to record in some suitable fashion the factual basis for their adverse decisions which are not subject to further administrative process under Section 9-6.14:12--because, in case of court review of such otherwise final informal decisions, agencies may be called upon to demonstrate the factual basis upon which they have relied (as explained in the notes to Section 9-6.14:17 hereafter) which reference states:

"The next to the last sentence articulates, in statutory form, the function of courts respecting the necessary facts where agencies are not by constitutions or statutes the constituted triers of fact through the medium of formal hearings. It does not authorize courts to try out the facts in such cases de novo; where trials de novo are authorized by law, this article as stated in § 9-6.14:15 hereof does not apply. Although a court may sometimes order an agency to augment its informal record or in rare instances supplement the same by evidence adduced in court, it would defeat justice to allow agencies to make fact decisions in the first instance without the necessary factual basis therefor in reliance on a later opportunity to do so in court or to contest in court any contrary showing. For this reason agencies should see to their fact records even in non-hearing cases as mentioned in the notes to § 9-6.14:7 and to § 9-6.14:11."

In this situation in one instance the VSRS has denied the claim on the grounds that there were no objective findings to support the disability. Dr. Jones said there

were no objective findings to support the claim. Dr. Miller and Dr. Crowder found objective and subjective findings to support the claim. The VSRS did not explain why it totally rejected the Miller and Crowder findings and opinions and the Harris observations. In its final denial the VSRS cited as the reason, or a reason, that Dr. Crowder's report indicates the possibility of disability which is not the basis of this claim. Without some explanation for its decision, the Court cannot determine if substantial evidence supports the VSRS decision denying the claim.

Although the VSRS is not bound by the case law of other states, the rulings of courts in other states and similar cases indicates that the opinion of the main treating physician should be given greater weight than that of a one-time consultant.

In the case of *Oppenheim* v. *Finch*, 495 F.2d 396 (4th Cir. 1974), the Court said:

> As we noted in *Vitek* v. *Finch*, 438 F.2d 1157, 1160 (4th Cir. 1971), "[w]hile the appeals counsel is not bound by the assessment, this court has emphasized that the opinion of a claimant's treating physician is entitled to great weight, for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period." Accord *Underwood* v. *Ribicoff*, 298 F.2d 850 (4th Cir. 1962). *Id.* at 398.

And in the case of *Hundley* v. *Califano*, 465 F. Supp. 65 (E.D. Va. 1979), the court stated:

> "Once it is determined that an impairment exists, the opinions of the treating physician are entitled to substantially greater weight than the impression of a doctor who sees the claimant only once." *Allen* v. *Weinberger*, 552 F.2d 781 (7th Cir. 1977), et al.

It does not appear that the VSRS follows any particular procedure or standards with regard to findings of fact. This does not mean that they act capriciously or act in other than good faith. However, there must be some standard or basis of proof required for a person

to obtain disability payments. Although on review there only needs to be substantial evidence to support the decision of the VSRS, the VSRS should apply a certain standard when it decides a case. That standard should be articulated somewhere in its directions to the finder of fact. The claimant should know, if she has the burden of proof, if she has to prove her claim by a preponderance of the evidence, with reasonable certainty, by clear and convincing evidence or any other degree of proof. Whatever the standard, it ought to be made known to her and certainly the finder of fact. Otherwise, the VSRS could apply a different standard to different complainants.

Before a hearing is held in any case, the VSRS should set up a procedure for the informal fact finding hearing called for in Section 9-6.14:7. The VSRS should decide what weight generally is to be given to the findings of fact of the fact finder at the informal hearing.

The Court finds that the complainant has not been afforded due process. She was not afforded a proper hearing. She was not given a written explanation of the reasons for the VSRS decision in sufficient detail so that a reviewing court can determine the reasons for the Commission's decision. Claimant should be paid benefits on account of her disability or be given a new hearing. That hearing should be one conducted under rules and conditions set for hearings in all similar cases, not just this one, and in accordance with the statute and due process requirements.

Counsel for plaintiff is instructed to draft an order remanding this case back to the VSRS for reconsideration in accordance with this opinion, or in the alternative awarding to complainant the disability payments for which she has applied.