James HOWARD, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.

No. CV 79–3019 MRP (T).

United States District Court, C.D. California.

Sept. 17, 1984.

---

Walter R. Larsen, Santa Barbara, Cal., for plaintiff.

Alexander H. Williams III, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civil Div., William B. Spivak, Jr., Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## AMENDED ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF MAGISTRATE

PFAELZER, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the complaint, all of the records and files herein, the attached Reports and Recommendations of the United States Magistrate, and the objections to the Magistrate's Report and Recommendation on file herein. The Court concurs with and adopts the findings and conclusions of the Magistrate.

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, that the defendant's Motion for Summary Judgment is granted, and that judgment is entered in favor of the defendant, Secretary of Health and Human Services.

IT IS FURTHER ORDERED that each party shall bear its own costs.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Supplemental Report and Recommendation, and Judgment herein by United States mail on the parties.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## AMENDED REPORT AND RECOMMENDATION OF MAGISTRATE

September 13, 1984

VENETTA S. TASSOPULOS, United States Magistrate.

This Report and Recommendation is submitted pursuant to the provisions of 28 U.S.C. § 636(b) and General Order No. 194 of the United States District Court, Central District of California.

On April 10, 1979, plaintiff, James Howard, filed a complaint for review of an adverse decision of the Secretary of Health

and Human Services pursuant to 42 U.S.C. § 405(g) denying plaintiff's claim for disability benefits. Defendant Secretary answered on October 16, 1979. Cross-motions for summary judgment and supporting memoranda were filed. No oral argument was requested. On November 7, 1980, the case was ordered remanded to the Secretary. On September 13, 1983, proceedings were reopened and cross-motions for summary judgment were again filed.

## APPLICABLE LAW

The burden of proof rests upon plaintiff to establish entitlement to disability benefits. *Waters v. Gardner,* 452 F.2d 855 (9th Cir.1971). Once plaintiff establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous occupation, however, the burden of going forward with evidence shifts to the Secretary. *Cox v. Califano,* 587 F.2d 988, 990 (9th Cir. 1978). Conversely, if a claimant is able to perform "past relevant work," then he is not disabled. 20 C.F.R. section 404.1520(e).

If the findings of the Secretary are supported by substantial evidence they must be affirmed. 42 U.S.C. § 405(g), *Harris v. Richardson,* 468 F.2d 1260 (9th Cir.1972), *cert. denied,* 410 U.S. 986, 93 S.Ct. 1514, 36 L.Ed.2d 183 (1973). The Court must review the record as a whole to determine whether the factual findings of the Secretary have a reasonable basis in law. *Ainsworth v. Finch,* 437 F.2d 446, 447 (9th Cir.1971).

The United States Supreme Court has defined "substantial evidence" as used in this context as " 'more than a mere scintilla ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971), *quoting, Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938). For example, were the Secretary to rely upon one portion of the record to the disregard of overwhelming evidence to the contrary, the Court would decide against

the Secretary. *Ainsworth v. Finch, supra,* at 447.

## ADMINISTRATIVE HISTORY

Plaintiff filed claims on April 28, 1975 and on August 21, 1978 for a period of disability and for disability insurance benefits under §§ 216(i) and 223 respectively of the Social Security Act, 42 U.S.C. §§ 416(i), 423. (Administrative Record (hereinafter "A.R.") 224). The claim was denied by the Social Security Administration. Plaintiff requested a hearing at which he was represented by counsel. (A.R. 22). The Administrative Law Judge ("the ALJ") found plaintiff to be not disabled. (A.R. 10–18). The Appeals Council approved the decision. (A.R. 4–5).

After remand by the Court, expert vocational testimony was received at a supplemental hearing at which plaintiff's counsel was present. (A.R. 254). Plaintiff, represented by counsel, testified at a second supplemental hearing, as did a second vocational expert. (A.R. 265).

The magistrate has reviewed the pleadings, motions, memoranda, and the administrative record.

## DISCUSSION

### I. INTRODUCTION

The Appeals Council based its decision that plaintiff was not disabled on three findings of fact:

1) Plaintiff's claim of disabling pain is not credible. (A.R. 222).

2) Plaintiff is exertionally able to perform light work, as defined at 20 C.F.R. § 404.1567(b), although he is non-exertionally limited to working in an environment free of solvents, dust and fumes. (A.R. 222).

3) Light, unskilled jobs in solvent-free environments exist in significant numbers nationally. (A.R. 222).

If substantial evidence supports each of these findings, the decision of the Secretary must be affirmed.

## II. REVIEW OF EVIDENCE

1) Plaintiff's pain.

■ The Appeals Council found plaintiff's allegation of disabling pain not to be credible. (A.R. 223). Continuous, uncontrolled pain can be disabling. *Embry v. Secretary of Health, Education, and Welfare*, 626 F.2d 93, 94 (9th Cir.1980). Plaintiff asserts continuous headache, low back pain, and burning in his feet. (A.R. 271, 272, 275, 277).

Determining whether substantial evidence supports the Appeals Council's finding that plaintiff's allegation of disabling pain is not credible is complicated by the ALJ's finding to the contrary. (A.R. 230). The ALJ observed plaintiff testify; the Appeals Council did not.

3.1. *Effect of ALJ's credibility finding.*

The Ninth Circuit Court of Appeals has not spoken directly to the issue whether, in reviewing a decision of the Secretary of Health and Human Services, special deference should be given the credibility findings of the Social Security Administration's ALJ. In the absence of a binding rule on this issue, the Court will fashion a rule based on Ninth Circuit law in an analogous area, judicial review of decisions of the National Labor Relations Board.

a) Background.

All modern Ninth Circuit law on the subject of judicial review of administrative agencies begins with the United States Supreme Court's decision in *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). That case reviewed a decision of the National Labor Relations Board (hereinafter, "NLRB"). The statute authorizing judicial review, 29 U.S.C. § 160(e), required that the NLRB's decision be affirmed if supported by "substantial evidence on the record considered as a whole ...." 340 U.S. at 493, 71 S.Ct. at 467.

Mr. Justice Frankfurter considered the precise question of whether conflict between the ALJ and the Board should heighten formal judicial scrutiny of the Board's decision.

The "substantial evidence" standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of the testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case. To give it this significance does not seem to us materially more difficult than the other factors which in sum determine whether evidence is "substantial."

340 U.S. at 496–497, 71 S.Ct. at 468–469.

Three points of Mr. Justice Frankfurter's statement bear highlighting. As will be discussed, they form the foundation of subsequent law on this subject.

1) The standard of judicial review is not changed because the final agency decision differs from that of its ALJ.

2) That amount of evidence which is "substantial" varies according to the case. Substantiality of evidence is determined not according to an absolute scale, but with some consideration given to what proposition the evidence supports and to what evidence supports contrary propositions.

3) The same factor that lends unique value to an ALJ's conclusion—the ALJ's personal participation in the case—likewise limits the scope of that unique value to credibility determinations, which turn uniquely on personal observation.

b) Ninth Circuit law re NLRB decisions.

The leading Ninth Circuit case interpreting *Universal Camera*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, is *Penasquitos Village, Inc. v. NLRB*, 565 F.2d 1074 (9th Cir.1977). (*See, Loomis Courier Service*, 595 F.2d 491, 496 (9th Cir.1979) ("[t]he rela-

tive deference to be given each tribunal when the Board and the ALJ disagree on the facts is well defined in ... *Penasquitos.*").)

In *Penasquitos,* as in *Universal Camera,* the full National Labor Relations Board had reversed the decision of an ALJ. Central to the decision were the "respective and related roles of the administrative law judge, the Board and the Court of Appeals in resolving factual disputes, particularly those turning on credibility of witnesses." 565 F.2d at 1076. The Ninth Circuit reemphasized and explicated the three observations of Justice Frankfurter noted above.

First, the formal standard of review is not changed because the NLRB reversed an ALJ's decision.

"[The] statutorily mandated deference to findings of fact runs in favor of the [National Labor Relations] Board, not in favor of the initial trier-of-facts, the administrative law judge. Nevertheless, the administrative law judge's findings of fact constitute a part of the record which we must review. We give those initial findings some weight, whether they support or contradict the Board's factual conclusions. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 492–97 [71 S.Ct. 456, 466–69] ...."

565 F.2d at 1076.

In other words, the ALJ's findings are to be considered along with all other evidence in the record, supporting the Board's decision and opposing it, in order to determine whether as a whole the record contains substantial evidence in support of the Board's decision.

Thus, for example,

Even when the record contains independent, credited evidence supportive of the Board's decision, a reviewing court will review more critically the Board's findings of fact if they are contrary to the administrative law judge's factual conclusions. This more rigorous review follows necessarily from the Supreme Court's statement in *Universal Camera v. NLRB,* 340 U.S. at 488 [71 S.Ct. at 464] that the "substantiality of evidence

[in support of the Board's decision] must take into account whatever in the record fairly detracts from its weight."

565 F.2d at 1078.

The phrase, "more rigorous review," quoted above, 565 F.2d at 1078, standing alone might suggest that the Ninth Circuit adopted a formal standard of review stricter than simply reviewing for substantial evidence supporting the Board's decision. However, the Court states that the "more rigorous review *follows necessarily* from ... *Universal Camera* ...." 565 F.2d at 1078 (emphasis added). In turn, *Universal Camera* expressly declined to modify the standard of review "in any way when the Board and its examiner disagree." 340 U.S. at 496, 71 S.Ct. at 468.

In effect, *Penasquitos,* rather than modify the standard of review, further defines the phrase "substantial evidence." This accords with Justice Frankfurter's second observation, that the substantiality of evidence varies case by case. "Substantial evidence" usually is defined broadly, as "'more than a mere scintilla ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971), *quoting, Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938). Courts generally have not labelled as "substantial" any given quantum of evidence. *Penasquitos* continues that practice, but notes when evidence might be insubstantial.

[E]vidence in the record which, when taken alone, may amount to 'substantial evidence' and therefore support the Board's decision, will often be insufficient when the trial examiner has, on the basis of the witnesses' demeanor, made credibility determinations contrary to the Board's position."

565 F.2d at 1078.

A later Ninth Circuit decision supports the notion that to be substantial a greater quantum of evidence supporting the

Board's decision is necessary when the ALJ's findings do not support the Board. "The quantum of evidence required to support the Board's decision is greater when the ALJ, on the basis of the witness's demeanor, made credibility determinations contrary to those of the Board." *Zurn Industries v. NLRB*, 680 F.2d 683, 694 (9th Cir.1982), *citing, Penasquitos Village, Inc. v. NLRB*, 565 F.2d 1074.

Thus, in reviewing NLRB decisions, where the Board has overruled the ALJ, the Ninth Circuit considers the ALJ's findings as part of the evidence of record not supporting the Board's decision. The Court then reviews to determine whether the evidence which supports the Board, considering the evidence to the contrary, is substantial.

Finally, the Ninth Circuit endorsed Justice Frankfurter's third observation, that only the ALJ's findings as to credibility are accorded special deference. In doing so, the Court distinguished "testimonial inferences" from "derivative inferences." Testimonial inferences are those drawn by the ALJ directly from his observation of testimony. Derivative inferences are those drawn logically "from the evidence itself." 565 F.2d at 1078.

"Weight is given the administrative law judge's determinations of credibility for the obvious reason that he or she 'sees the witnesses and hears them testify, while the Board and reviewing court look only at cold records.' " *Penasquitos*, 565 F.2d at 1078, *quoting, NLRB v. Walton Manufacturing Co.*, 369 U.S. 404, 408, 82 S.Ct. 853, 855, 7 L.Ed.2d 829, 832 (1962).

In contrast,

"[d]eference is accorded to the Board's factual conclusions for a different reason—Board members are presumed to have broad experience in labor-management relations..... [A] Court of Appeals must abide by the Board's derivative inferences, if drawn from not discredited testimony, unless those inferences are 'irrational,' 'tenuous,' or 'unwarranted.' "

*Penasquitos*, 565 F.2d at 1079, (citations omitted).

Thus, special weight is attached to the ALJ's findings of credibility to the extent based on testimonial inferences drawn from observation of testimony. As to all other findings, deference is accorded the expertise of the Board.

c) Applicability of NLRB law to Social Security cases.

The three principles of judicial review discussed above have been drawn exclusively from cases reviewing the NLRB. Three reasons suggest that the principles drawn from labor cases are fully applicable to a social security case.

First, the statutory standard of review of NLRB decisions and of Social Security Administration decisions is identical. In both cases the agency must be affirmed if its decision is supported by substantial evidence. 42 U.S.C. § 405(g), 29 U.S.C. § 160(e).

Second, the relationship between administrative law judges and the NLRB is similar to the relationship between administrative law judges and the Social Security Appeals Council. In both cases, the superior administrative body has plenary authority to make fact findings independent of its ALJ. 42 U.S.C. § 405(g), 29 U.S.C. § 160(e).

Third, the principles drawn from labor cases have been applied by the Ninth Circuit in reviews of other administrative decisions. For example, on review of the Merit Systems Protection Board, the Court stated:

"[T]hat the findings of the ALJ differ from those of the full board does not alter the requirement that we affirm the [Board] decisions if supported by substantial evidence. However, consideration of the ALJ's findings will require a more searching scrutiny of the record. Special deference is to be given the ALJ's credibility judgments."

*Curran v. Dept. of Treasury*, 714 F.2d 913, at 915 (9th Cir.1983), (citations omitted).

Likewise, in *McMullen v. INS*, 658 F.2d 1312 (9th Cir.1981), the Board of Immigration Appeals had expressly overruled credibility findings of the immigration judge.

658 F.2d at 1317, 1318. The Ninth Circuit wrote: "When the immigration judge and the Board conflict, we may properly consider the judge's finding. *Cf. Universal Camera,* .... While our role is not to make an independent finding of credibility, we must review McMullen's evidence to determine whether the Board's rejection of it was reasonably supported." 658 F.2d at 1318.

Thus, this Court concludes that Ninth Circuit law regarding judicial review of the NLRB, as stated in *Penasquitos Village, Inc. v. NLRB,* 565 F.2d 1074, is wholly applicable to review of decisions of the Social Security Administration.

d) Law of other circuits.

The Court declines to adopt the requirements stated by the Sixth Circuit in *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978), that, first, the Appeals Council must explicitly identify the considerations which lead it to conclude that a plaintiff is not credible and, second, that those considerations independently amount to substantial evidence. 577 F.2d at 387, 388. The *Beavers* rule adds procedural and substantive requirements which are not warranted by the statute authorizing judicial review, 42 U.S.C. § 405(g), nor by *Universal Camera v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

e) Summary of law.

In sum, the Court adopts the following rules of decision:

■ 1) When the Appeals Council reverses credibility findings of the ALJ, the formal standard of judicial review is not altered. The court reviews to determine that substantial evidence supports the Council's decision.

■ 2) Credibility findings made by the ALJ are considered part of the record to be reviewed and, to the extent based on testimonial inferences drawn from observation of testimony, are accorded special deference.

■ 3) The substantiality of evidence supporting the Appeals Council's decision in any given case depends in part upon the evidence that fairly detracts from its weight, including credibility findings of the ALJ.

f) Application of law to the facts.

■ Applying these rules to the present case, special weight must be accorded the ALJ's finding that plaintiff's claim of disabling pain was credible. The ALJ's finding was based on demeanor evidence. (A.R. 231). Thus, the Court must determine whether, as a whole, the record contains substantial evidence that plaintiff is not disabled by pain.

Plaintiff testified that in 1981 he drove, with his wife, from California to Canada. He testified that his headaches did not interfere with his driving. (A.R. 280–282). Plaintiff testified that in 1982 he travelled by motor home from California, through Mexico, Florida, Canada and back, estimating that he drove half of the 10,000 miles. (A.R. 277–278). Plaintiff's daily activities may be considered in evaluating his claim to be disabled by pain. *See, Gonzalez v. Harris,* 631 F.2d 143, 146 (9th Cir.1980).

In addition, although the medical evidence agrees that plaintiff reports a burning in his feet, the medical evidence conflicts as to a cause for the pain. For example, Dr. Rolston attributed the pain to plaintiff's back surgery. (A.R. 179). Dr. Merliss attributed it to chronic solvent syndrome. (A.R. 201). Drs. St. John and Gregg attributed the pain to prediabetic state. (A.R. 138–144, 150). In sum, the medical evidence conflicts as to any physiological cause for plaintiff's pain.

■ Without medical evidence of a condition reasonably expected to cause pain, a claim of disabling pain must be discounted.

The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be rea-

sonably expected to produce those symptoms.

20 C.F.R. § 404.1529 (1983).

In sum, giving due weight to the ALJ's finding that plaintiff's claim of disabling pain was credible, the evidence of plaintiff's extensive travels and the conflict in the medical evidence regarding a cause of plaintiff's pain is substantial evidence in support of the Appeals Council's finding that plaintiff was not disabled by pain.

2) Plaintiff's limitations, other than pain.

■ The Appeals Council found that plaintiff was exertionally able to perform light work, as defined at 20 C.F.R. § 404.-1567(b), although non-exertionally limited to working in an environment free of solvents, dust and fumes. (A.R. 222).

The medical evidence of record is devoted almost exclusively to plaintiff's complaint of pain, which itself suggests that plaintiff's exertional abilities per se are not seriously limited. The reports of Drs. Rolston, Baker, Vitt and St. John discuss only plaintiff's pain and no other limitation. (A.R. 179, 199, 134, 138–144, respectively).

Plaintiff testified that he could lift fifteen pounds "without increasing the pain in [his] back" (A.R. 274), but testified to no purely strength limitation. Similarly, plaintiff testified that he left his prior job due to pain, but noted no other impairment. (A.R. 230).

"Light work" is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.-1567(b). Plaintiff's testimony and the tenor of the medical evidence constitute substantial evidence that plaintiff is able to perform light work.

The Appeals Council's conclusion that plaintiff was nonexertionally limited to a dust and solvent-free environment is urged by plaintiff himself (A.R. 286), and is further supported by the reports of Drs. Merliss and Baker. (A.R. 201, 199 respectively).

Thus, substantial evidence supports the first finding of the Appeals Council that plaintiff was limited to light work in a solvent-free environment.

3) The existence of jobs.

The Appeals Council's second finding, that jobs existed requiring only light work in a solvent-free environment, is supported by the testimony of vocational expert Terry B. Dinneen. Mr. Dinneen testified, after hearing plaintiff testify to his sensitivity to solvents and fumes (A.R. 286), that light, unskilled jobs existed in significant numbers (1,000–2,000 in greater Los Angeles) "where exposure to fumes would be minimal." (A.R. 293). He specified shipping, receiving and security work. (A.R. 293–294).

Mr. Dinneen's testimony was discounted by the ALJ as "not believed." (A.R. 231). Although couched in the language of a credibility finding, the ALJ's explanation of his decision to discount the testimony shows that the ALJ believed Dinneen's testimony to be inconsistent, not that the ALJ· found Dinneen insincere.

As discussed in section (1), above, only credibility findings by an ALJ based on demeanor evidence are entitled to special deference. In contrast, findings evaluating expertise are the particular province of the Appeals Council. Thus, unless Dinneen's testimony is objectively inconsistent, the Court must defer to the Appeals Council's finding that Mr. Dinneen's testimony was credible.

The ALJ states two reasons for his finding that Dinneen's testimony was inconsistent. First,

The testimony of vocational expert Dinneen regarding jobs [plaintiff could perform] as shipping clerks and security guards must be discounted in light of his own statement ... that most jobs require work in some type of exposed atmosphere. It is not believed that these unskilled jobs are exempt therefrom.

(A.R. 231). No reason is stated for the ALJ's disbelief.

Read carefully, Dinneen's testimony is wholly consistent. Dinneen states initially, "There are unskilled light work jobs that

[plaintiff] is able to do ...." (A.R. 289). Dinneen then proceeds to acknowledge that avoiding exposure to fumes severely limited plaintiff's job prospects. "[E]xposure to fumes is a difficult limitation to work with. Almost all work environments have some fumes. Trying to find an ideal clean environment can be quite difficult in unskilled labor." (A.R. 290).

After this statement, that finding light, unskilled work in a fume free environment is "quite difficult," Dinneen specified two jobs which meet the requirements.

... You'd be looking at unskilled, light work jobs where the exposure to fumes would be minimal .... certain shipping and receiving types of position where he's not doing any of the actual physical work, but checking the merchandise in and out, merchandise or invoices in and out of the plant. Those exist in the national economy, numbers in the Los Angeles area are relatively in the neighborhood of five to ten thousand, in the Ventura-Santa Barbara area, probably in the neighborhood of 500 to 1,000 roughly.

A certain amount of security work would probably be available where monitoring people in and out of a building, for example, or monitoring people in and out of plants in an environment where he would not be exposed to fumes. In Ventura, there are 3 or 4 large office buildings, the Espanade in the Financial Plaza area has that type of position where they have a security guard on duty that's inside the building, that is essentially there monitoring people in and out. It's a light work, unskilled position.

Throughtout the Ventura-Santa Barbara, I would say there are probably 50 to 60 of those types of position. In the Los Angeles area, probably in the neighborhood of 1,000 maybe 2,000, depending upon the specific area.

(A.R. 293–294).

Rather than being inconsistent, Dinneen fully considered the ubiquity of fumes in today's workplace, yet named and described two light work, unskilled jobs not requiring exposure to fumes. The ALJ's con-

tention that Dinneen was inconsistent is without merit.

The ALJ gave a second reason for discounting Dinneen's testimony. "Nor is it believed that claimant's skills, transferable generally according to the vocational experts, are transferable with regard to this particular claimant into any other jobs, skilled or unskilled, because of the nature of his impairments." (A.R. 231). This statement flatly contradicts itself: by definition, unskilled jobs require no skills, transferable or otherwise. For this reason, the ALJ's statement may be disregarded.

In sum, no objective inconsistency appears in the vocational expert's testimony. Thus, the Appeals Council's finding that the testimony is accurate must stand.

The vocational expert's detailed testimony is substantial evidence supporting the Appeals Council's finding that jobs exist which plaintiff can perform, requiring only light work in a solvent-free environment.

Thus, substantial evidence supports all three factual findings of the Appeals Council.

### III. APPEALS COUNCIL'S USE OF GRID

■ The Appeals Council's decision notes that the Medical-Vocational Guidelines (hereinafter, "the grid"), 20 C.F.R. subpt. P, app. 2, direct a finding that plaintiff was not disabled. (A.R. 233). The Report and Recommendation of October 6, 1980, adopted by the Court in its order of November 7, 1980, expressly found the grid inapplicable to the present case because of the complexity of the medical data. (Report and Recommendation, at 18.) This finding is reinforced by the recent Ninth Circuit decision in *Kail v. Heckler*, 722 F.2d 1496 (9th Cir.1984). *Kail* holds that the grid is not determinative of disability where the claimant is unable to tolerate dust, fumes and heat. 722 F.2d at 1498. The Appeals Council's reference to the grid thus is improper.

However, the Appeals Council also found that plaintiff could perform specific jobs identified by the vocational expert. Thus, despite the Appeals Council's improper use of the grid, substantial evidence supports

the Appeals Council's finding that plaintiff was not disabled.

### SUMMARY AND CONCLUSION

The Report and Recommendation of Magistrate shall constitute a summary of undisputed facts and conclusions of law.

The decision of defendant Secretary that plaintiff was not disabled is supported by substantial evidence in the record. Thus, the Magistrate recommends adoption of this Report and Recommendation. The Magistrate further recommends that plaintiff's motion for summary judgment be denied, that defendant's motion for summary judgment be granted, and that judgment be entered for defendant Secretary of Health and Human Services.